**Joannie Allen DUMAS, Plaintiff,**

v.

**TOWN OF MOUNT VERNON, Alabama, Mobile County Personnel Board, John A. Cartman, Charles H. Simison and George H. Pierce, all jointly and severally, Defendants.**

**Civ. A. No. 77–188–H.**

United States District Court,
S. D. Alabama, S. D.

Sept. 2, 1977.

Gregory B. Stein and Larry T. Menefee, Mobile, Ala., for plaintiff.

Thomas A. Deas, Mobile, Ala., for defendants Town of Mt. Vernon, John A. Gartman and Charles H. Simison.

Mylan R. Engel, Mobile, Ala., for defendants Mobile County Personnel Bd. and George H. Pierce.

HAND, District Judge.

This cause coming on for hearing before the Court on the 23rd day of August, 1977, on the issue of jurisdiction under Title VII of the Civil Rights Act of 1964, and the Court having heard the evidence and the witnesses and having considered the law applicable, finds as follows:

## FINDINGS OF FACT

1. The plaintiff is a black female residing in the Town of Mount Vernon, Alabama. The defendant Town of Mount Vernon is a municipal corporation incorporated under the laws of Alabama, and the defendant Charles Simison was Mayor of the defendant Town of Mount Vernon from 1972 to 1976. Jurisdiction of this Court is sought to be invoked under Title VII of the Civil Rights Act of 1964, Title 42, U.S.C.A., § 2000e *et seq.*

2. The original complaint included three other defendants, all of whom have been dismissed prior to this Order. The Title 42, U.S.C.A., §§ 1981, 1983, 1985(3), and 1986 claims against defendant John A. Gartman, the present Mayor of the Town of Mount Vernon, were dismissed as time-barred by Title 7, § 26 of the *Alabama Code*, and by Title 42, U.S.C.A., § 1986. The same claims against defendant George H. Pierce, Director of the Mobile County Personnel Board, were dismissed on the same basis. A third defendant, The Mobile County Personnel Board, against whom Title VII charges were made, was dismissed for failure to state a claim against such defendant under Title 42, U.S.C.A., § 2000e(c) upon which relief could be granted.

3. The only matters remaining for adjudication in this lawsuit are employment discrimination charges by the plaintiff against defendants Town of Mount Vernon and Charles H. Simison. It is averred by the

defendants and admitted by the plaintiff that defendant Simison's liability is derivative and that he cannot be held liable unless the defendant Town of Mount Vernon is held liable. Title 42, U.S.C.A., § 2000e(b).

4. Sometime in September of 1974, the plaintiff applied to the Mobile County Personnel Board for the position of assistant town clerk for the defendant Town of Mount Vernon. After submitting to the Personnel Board's competitive examination, the plaintiff was informed that she had been successful in the written test and was requested to appear for an interview at the Personnel Board office. The plaintiff appeared at the stated time and was interviewed by a Personnel Board representative.

5. In a notice dated November 15, 1974, plaintiff was informed that she had received a Personnel Board rating of 75.18, and that her name had been placed first on the employment register for certification for the position of assistant town clerk with the defendant Town of Mount Vernon. The notice, a copy of which was attached to the original complaint, was in no way an offer or promise of employment of the plaintiff, but rather was a certification of plaintiff's name to a list from which the position of assistant town clerk was to be filled.

6. In a second notice dated November 15, 1974 plaintiff was informed that hers was one of three names that had "been sent to the Town of Mount Vernon for consideration for appointment as assistant town clerk" and that she could expect to be notified within three days "when and where to report for interview." If no such notification was forthcoming within three days, the plaintiff was to immediately get in touch with the Town of Mount Vernon, the potential employer. On the third day following the mailing date of the second notice, November 18, 1974, the plaintiff telephoned defendant Charles H. Simison and was informed by him that another person had been hired to fill the position. The plaintiff had not interviewed for the position at this time.

7. On December 16, 1974 the plaintiff filed a charge of employment discrimination against the defendant Town of Mount Vernon with the District Director of the Equal Employment Opportunity Commission, which was supplemented by a second and more complete charge filed January 8, 1975.

8. In a notice dated April 28, 1975 the plaintiff was informed that her name had again been "sent to the Mayor and Council of Mount Vernon for consideration for appointment as assistant town clerk," such notice containing the same three day caveat concerning notification for an interview. Shortly after receipt of this notice the plaintiff was interviewed for the position by defendant Charles H. Simison and other members of the Town Council of Mount Vernon, but no representations were made to the plaintiff concerning her chances for employment.

9. In a letter dated May 12, 1975 the plaintiff was informed by the defendant Simison that "upon a recommendation by the Mobile County Personnel Board, the Town Council of the Town of Mount Vernon had agreed not to fill the position of assistant town clerk at this time, since Mrs. Thigpen (the former assistant town clerk) has one year from the date of her resignation to reapply for the position . . . Therefore, the assistant town clerk position will remain open until further notice from the Town Council." The position has remained open pursuant to this letter at all times since May of 1975.

10. By separate letters dated May 20, 1975 and May 22, 1975 the plaintiff supplemented her discrimination charge with the Equal Employment Opportunity Commission by alleging that the defendants' actions constituted a case of continuing discrimination by their refusal to hire her for the position of assistant town clerk.

11. In a letter from the United States Department of Justice dated January 13, 1977, the Plaintiff was advised that she had the right to institute a civil action under Title VII against the defendants, and that such suit must be filed in the appropriate United States District Court within ninety

(90) days of receipt of the notice. The complaint in this action was filed on March 31, 1977 well within the ninety (90) day period.

12. In November of 1974, the defendant Town of Mount Vernon had nine full-time employees: a town clerk, a police chief, four police patrolmen, a maintenance and mechanical inspector, a utility service man, and a truck driver. Each of these employees worked five days a week and had a forty hour work week. Besides these full-time employees, there were an undisclosed number of part-time employees who usually worked five hours a week and did not work every day. The above total also does not include the Mayor and Town Council, or the City Attorney and City Judge.

13. Aside from the nine full-time employees set out above, the Town of Mount Vernon has other full-time employees who are paid under the CETA Program. None of these employees were working in 1974, but there have been several employed since the program was initiated in Mount Vernon in January of 1975. These employees are paid by and selected for employment by the CETA office, with the Town of Mount Vernon having no voice in the hiring process. The only control retained by the Town is the power to inform the CETA office that certain employees are ineffective or need to be replaced.

14. It appears from the evidence that the defendant Town of Mount Vernon employed twelve different persons during the year of 1973. Not all of these employees were full-time workers, but since the total is less than fifteen such a distinction is unnecessary. There were no CETA employees in 1973.

15. During the year of 1974, the defendant Town of Mount Vernon employed thirteen different persons. Not all of these employees were full-time workers, but since the total is less than fifteen such a distinction is also unnecessary. Again in 1974 there were no CETA employees working for the Town of Mount Vernon.

16. During the year of 1975, the defendant Town of Mount Vernon employed twenty-four different persons. Twelve of these employees worked directly for the Town of Mount Vernon, but the other twelve were CETA employees.

17. During the year of 1976, the defendant Town of Mount Vernon employed twenty-four different persons again. As in 1975, twelve of these employees worked directly for the Town of Mount Vernon, but the other twelve were CETA employees.

18. During the present year, the defendant Town of Mount Vernon has employed eighteen different persons. Ten of these employees are working directly or have worked directly for the Town of Mount Vernon, but the other eight were CETA employees.

## CONCLUSIONS OF LAW

1. The claims of the plaintiff against defendants Simison, Gartman, and Pierce that were grounded upon Title 42, U.S.C.A., §§ 1981, 1983, and 1985(3) were properly dismissed as being time-barred. There is no statute of limitations set down for actions brought pursuant to §§ 1981, 1983, and 1985(3) so state law must be considered in determining whether such claims are time-barred. *Bryant v. Potts*, 528 F.2d 621 (5th Cir. 1976); *Boshell v. Alabama Mental Health Board*, 473 F.2d 1369 (5th Cir. 1973). Further, the fact that a plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission during the period allowed by the statute of limitations does not toll the statute as it applies to claims arising under Title 42, U.S.C.A., §§ 1981, 1983, or 1985(3). *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The Fifth Circuit has announced that the rule set down in *Johnson* is applicable retroactively. *Williams v. Phil Rich Fan Manufacturing Company, Inc.*, 552 F.2d 596 (5th Cir. 1977). Under these rules the applicable statute of limitations is that set out in Title 7, § 26 of the *Alabama Code*—one year. Since the most recent act of which the plaintiff complains occurred on May 12, 1975, and the com-

plaint was not filed in the matter until March 31, 1977, all claims grounded upon Title 42, U.S.C.A., §§ 1981, 1983, and 1985(3) were properly dismissed as being time-barred.

2. The plaintiff's claims which rested upon Title 42, U.S.C.A., § 1986 were also properly dismissed, since § 1986 states that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." Since plaintiff waited almost two years beyond the accrual of her action on May 12, 1975, her claims under § 1986 are also time-barred. *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959); *Ervin v. Lanier*, 404 F.Supp. 15 (E.D.N.Y.1975).

3. The plaintiff's claim against the Mobile County Personnel Board was also properly dismissed for failure to state a claim upon which relief could be granted. The Personnel Board is clearly an "employment agency" as envisioned by Title 42, U.S.C.A., § 2000e(c), but there is no allegation in the plaintiff's complaint of conduct which would amount to an unlawful employment practice under any part of § 2000e. The record shows that the Personnel Board tested the plaintiff, interviewed the plaintiff, and certified the plaintiff for consideration for the position which she sought. Nothing in the record establishes that the Board failed or refused to refer the plaintiff for employment or otherwise discriminated against the plaintiff "by reason of her race, color, religion, sex, or national origin," as required by § 2000e–2(b). Since the Board was complying at all times with the law in this matter it cannot be liable under a Title VII claim.

4. The plaintiff in her original complaint alleges jurisdiction under the Civil Rights Act of 1964 as amended by the Equal Employment Opportunity Act of 1972, Title 42, U.S.C.A., § 2000e *et seq.* The liability of defendants Town of Mount Vernon and Charles Simison is predicated upon Title 42, U.S.C.A., § 2000e–2(a):

"It shall be an unlawful employment practice for an employer—

(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) To limit, segregate, or classify his employees or applicants for employment in anyway which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

The "employer" envisioned by § 2000e–2(a) is defined in § 2000e(b) as being "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . ." Thus, a finding that defendant employed less than fifteen employees or in some other way did not fulfill § 2000e(b) would serve as a bar to the jurisdiction of this Court. *Hassell v. Harmon Foods, Incorporated*, 454 F.2d 199 (6th Cir. 1972).

5. There is no question but that a municipal government may be an "employer" under § 2000e(b). *Monell v. Dept. of Social Services of City of New York*, 532 F.2d 259 (2nd Cir. 1976); *Howard v. Ward County*, 418 F.Supp. 494 (D.N.D.1976). However, although the plaintiff contends that *all* municipal governments are employers under § 2000e(b), the law has not yet been so construed. The plaintiff relies upon the decision in *United States v. City of Milwaukee*, 395 F.Supp. 725 (E.D.Wis. 1975), to support her conclusion, but this reliance is misplaced. The sole question in the *City of Milwaukee* case concerned whether the municipal "industry" therein involved substantially affected commerce as required under § 2000e(b). The District Court held that "all state and local governments are employers under Title VII," but the Court did not consider the fifteen em-

ployee rule. While there is no doubt that the Town of Mount Vernon is an "industry affecting commerce," the District Judge in the *City of Milwaukee* case did not consider the numerical requirement of § 2000e(b), and the case is inapposite to the situation involved in Mount Vernon. This Court is unwilling to read into the statute anything beyond the congressional intent apparent in the language of the statute.

6. Beyond the question whether the numerical requirement of § 2000e(b) applied to municipal governments, the plaintiff asserts that the Town of Mount Vernon in any event has the requisite number of employees for inclusion under the definition. The overriding question on this point concerns the definition of "employee" under § 2000e(b), because the evidence clearly establishes that the Town of Mount Vernon never had more than twelve full-time employees on its payroll during the period from November 11, 1974 to March 31, 1977, the date this lawsuit was filed.

7. The plaintiff cites *Slack v. Havens*, 522 F.2d 1091 (9th Cir. 1975) and *EEOC v. Metropolitan Atlanta Girls' Club, Inc.*, 416 F.Supp. 1006 (N.D.Ga.1976) in support of her contention that the definition of "employee" is not to be rested upon a "critical mass" theory which requires that there be a specified group of employees each calendar year who fulfill these § 2000e(b) requirements. These cases are not in point with the questions involved here, for the evidence clearly shows that Mount Vernon has never carried more than twelve persons on its full-time payroll. The critical mass theory propounded by the plaintiff is of importance only where the number of employees fluctuates above and below the required fifteen. It is the definition of employee, not the amount thereof, that is at issue in this lawsuit.

8. The plaintiff next contends that, since the critical mass theory is unacceptable, the defendant Town of Mount Vernon has employed the requisite number under § 2000e(b). The plaintiff alleges that the defendant had fifteen employees in 1974, twenty-one employees in 1975, twenty-five

employees in 1976, and seventeen employees in 1977. The plaintiff does not substantiate these figures and has not informed the Court upon what consideration such figures are based. In any event, the calculations of the plaintiff are clearly erroneous. "Employee" for § 2000e(b) purposes is not defined in the statutes, but it is defined in § 2000e(f) as "an individual employed by an employer . . . ." Such a definition is of little aid to the Court, so resort must be had to the case law. The only case in this Circuit that has considered the question dealt with whether a woman who worked for the Salvation Army, allegedly as a volunteer, could be deemed an employee under § 2000e(f). *McClure v. Salvation Army*, 460 F.2d 553 (5th Cir. 1972). The Fifth Circuit ruled that the record showed "that Mrs. McClure was selected, employed, controlled, trained, and paid by the Salvation Army. When the existence of such factors are shown, the individual falls within the definition of 'employee'." 460 F.2d at 557, *citing Tarboro v. Reading Company*, 396 F.2d 941 (3rd Cir. 1968), *cert. den.* 393 U.S. 1027, 89 S.Ct. 637, 21 L.Ed.2d 569 (1969); *Santa Rosa Island Authority v. F. Rust Smith & Sons, Incorporated*, 303 F.2d 576 (5th Cir. 1962). The *McClure* case differs from the instant case in that Mrs. McClure was seeking determination of her employee status under § 2000e(f), but the definition established by the Court is clearly adaptable to this case.

9. Under the analysis set down in *McClure*, the plaintiff's contention as to the number of persons employed by the Town of Mount Vernon must fail. Clearly the plaintiff has included in her calculations CETA employees who are not selected by the Town, controlled by the Town, or paid by the Town. Although the CETA workers are clearly employed (used) by the Town and perhaps trained by the Town, this is not sufficient for employee status. The connection between the Town and the CETA workers does not give rise to the employer-employee relationship so strongly as the connection between the workers and the CETA office. Matters of hiring, salary,

employee control and firing are inextricably tied to the common law relationship between employer and employee, and there is nothing in the legislative history of Title VII that indicates that Congress had any other intent in the use of the word employee. *Smith v. Dutra Trucking Company*, 410 F.Supp. 513, 516 (N.D.Cal.1976). To this extent, the Court is convinced that CETA workers are not to be considered "employees" under § 2000e(b).

10. A further issue may be raised concerning such city officials as the Mayor and Town Council of the Town of Mount Vernon, the City Attorney and the City Judge. The evidence clearly establishes that such persons are not § 2000e(b) employees by virtue of the fact that these persons work only on specified days and that each maintains full-time employment elsewhere. While the Court is not constrained to hold that a person may not be an employee as to more than one employer, it is clear that such persons do not fall within the congressional intent as set out in § 2000e(b).

11. The plaintiff's final contention is that since the EEOC assumed jurisdiction over her charge of discrimination, the jurisdictional prerequisites to the lawsuit are thereby settled. The plaintiff apparently contends that the EEOC would not have allowed her to proceed on this matter if the jurisdictional requirements of § 2000e(b) were not fulfilled. Although the EEOC may dismiss an employment discrimination charge for failure to state a claim, 29 C.F.R. § 3930.19, the granting of a Right to Sue letter does not conclusively decide questions of jurisdiction. This Court has been directed to no authority under which a governmental agency is empowered to determine jurisdictional questions to the exclusion of the Federal Court actually hearing the case. The function of the Commission in such a case is to decide, in view of the charges before it brought by the plaintiff, whether suit will be brought by the Commission or left to action by the private parties. *United States v. Allegheny-Ludlum Industries, Incorporated*, 517 F.2d 826 (5th Cir. 1975),

*cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). There is no authority under § 2000e–5 for determination of jurisdiction by the Commission, and plaintiff's contention that receipt of a Right to Sue letter obviates Court determination of jurisdiction is untenable.

12. The record in this case convinces the Court that the Town of Mount Vernon at no time relevant to this lawsuit met the requirements for classification as an "employer" under Title 42, U.S.C.A., § 2000e(b). Lack of employer status precludes consideration of the claim by this Court, and the claim as against the Town of Mount Vernon is due to be dismissed for want of subject matter jurisdiction. The Court is of the further opinion that dismissal as to the Town of Mount Vernon works as a dismissal of the claims against defendant Simison, since his Title VII liability is derivative because of his agency status under § 2000e(b). The plaintiff having failed to establish subject matter jurisdiction, the Court is of the opinion that this cause is due to be and the same is hereby DISMISSED.