No. 81–656. CONSOLIDATED FOODS CORP. *v.* UNGER. C. A. 7th Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Kremer* v. *Chemical Construction Corp., ante,* p. 461.

JUSTICE BLACKMUN, concurring.

Respondent Trudy Unger filed charges with the Illinois Fair Employment Practices Commission (FEPC) alleging

that she had been a victim of sex discrimination in employment. The FEPC ruled against her, but on judicial review the state trial court found that the FEPC's decision was against the manifest weight of the evidence. The Appellate Court of Illinois reversed, concluding that the FEPC's order was not arbitrary, capricious, or an abuse of discretion. *Unger* v. *Sirena Division of Consolidated Foods Corp.*, 60 Ill. App. 3d 840, 845, 377 N. E. 2d 266, 270–271 (1978). The Illinois Supreme Court denied respondent's petition for leave to appeal.

During the pendency of the state proceedings, respondent filed this Title VII suit in the United States District Court for the Northern District of Illinois. Sometime after the Illinois Appellate Court ruled against respondent, the District Court found that she had in fact been a victim of sex discrimination. The United States Court of Appeals for the Seventh Circuit affirmed on this issue. 657 F. 2d 909 (1981).

Following its recent decision in *Kremer* v. *Chemical Construction Corp.*, *ante*, p. 461, the Court must grant, vacate, and remand the case for further consideration. But since the Illinois court professed to apply a deferential standard of review, it is not clear that *Kremer* governs this case. See *ante*, at 480–481, n. 21; *ante*, at 492–493, n. 8 (BLACKMUN, J., dissenting). In addition, on remand respondent will be free to argue that *Kremer* should not apply retroactively. See *Chevron Oil Co.* v. *Huson*, 404 U. S. 97 (1971).

If the Court of Appeals concludes that *Kremer* controls this case, it will be forced to order the dismissal of respondent's complaint as barred by the Illinois Appellate Court's affirmance of the FEPC's decision. Only one court, the District Court, has given respondent a full *de novo* hearing, and that court determined that respondent had been discriminated against because of her sex. Yet application of this Court's *Kremer* decision denies her any relief under Title VII, simply because she took the reasonable step of seeking correction of the FEPC's decision in the state courts. As I explained in my *Kremer* dissent, *ante*, p. 486, I cannot accept that this re-

sult is consistent with the congressional purpose underlying Title VII—that the fight against employment discrimination be a national policy of the highest priority. Surely all future discrimination victims in respondent's situation should be very careful to avoid the state courts entirely so that those victims will not risk losing the relief that Congress intended Title VII to afford them.