607 F.Supp. 771 (1983)
Lawrence PERRY, Plaintiff,
v.
CITY OF COUNTRY CLUB HILLS, a municipal corporation, Defendant.
No. 82-0907C(2).
United States District Court, E.D. Missouri.
September 30, 1983.
On Motion to Strike September 17, 1984.
*772 John Valentine, St. Louis, Mo., for plaintiff.
Carp & Morris, Ralph Levy, III, Clayton, Mo., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant has filed suggestions, affidavits, and exhibits in support of its motion and plaintiff has filed suggestions in opposition thereto. On July 7, 1983, the Court held an evidentiary hearing on the issues presented by defendant's motion.
Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. *773 § 1981,[1] alleging that he was denied employment with defendant's police department because he made a charge of discrimination against the Village of Bel-Ridge, Missouri. In support of its motion for summary judgment, defendant asserts that this Court does not have jurisdiction over this case because defendant is not an "employer" within the meaning of 42 U.S.C. § 2000e(b).
This subsection defines "employer" for purposes of the Act as:
[A] person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person....
Defendant contends that it is not an "employer" within the meaning of this subsection because it does not employ fifteen or more "employees", as defined by 42 U.S.C. § 2000e(f), during the requisite period of time. "Employee" is defined by this subsection to mean:
[A]n individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.
42 U.S.C. § 2000e(f).
Defendant contends that five different classes of workers who are paid by the City should not be counted as "employees" for purposes of determining whether it is an "employer" under the Act. These classes include: (1) attorneys who were hired by the City as Municipal Judge, Prosecuting Attorney, and City Attorney; (2) elected officials; (3) appointed policy making officials; (4) CETA and SYEP workers; and (5) part-time employees.
Defendant first argues that the attorneys it hires as Municipal Judge, Prosecuting Attorney, and City Attorney are independent contractors and not "employees". The vast majority of federal cases have held that independent contractors, as defined by common law agency principles, are not employees within the meaning of the Act. Cobb v. Sun Papers, Inc., 673 F.2d 337, 340-41 (11th Cir.1982); Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir.1980); Spirides v. Reinhardt, 613 F.2d 826, 831 (D.C.Cir.1979); Armbruster v. Quinn, 498 F.Supp. 858, 860-61 (E.D.Mich.1980).[2] The most important factor to be considered in determining whether a worker is an independent contractor or an "employee" is the extent of the employer's right to control the means and manner of the worker's performance. Cobb, 673 F.2d at 340; Spirides, 613 F.2d at 831-32. Other factors to be considered are:
(1) The kind of occupation, with reference to whether the work is usually done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work *774 is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties. Cobb, 673 F.2d at 340; Spirides, 613 F.2d at 832.
With these factors in mind, the Court now turns to the evidence presented in the record. Robert Evans, Mayor of defendant City, states in his affidavit that:
[t]he City does not treat or consider any of these three attorneys employees of the City. The City maintains no control over how or when these attorneys perform their duties. The City withholds no monies from their fees for taxes or Social Security, nor does the City give them vacation or compensatory time, all of which the City does for its employees. The City does not provide the attorneys with an office, phone or the supplies necessary to do their respective jobs for the City; each attorney works out of his own office which he provides. Further, none of the attorneys worked nor were paid to work for the City for five (5) or more days per week or forty (40) hours per week. The Municipal Judge is hired to conduct Court once a month. The Prosecuting Attorney is hired to prosecute ordinance violations in Municipal Court. The City Attorney is hired to attend Board meetings once a month and advise the City. The City Attorney is also an appointed City official.
It appears to be clear to this Court that these attorneys are independent contractors under the analysis set forth in Cobb and Spirides, and are therefore not to be counted as "employees" when determining whether defendant is an "employer" within the meaning of the Act.
Next, defendant asserts that elected officials are specifically excluded from the definition of "employee" in 42 U.S.C. § 2000e(f). The Court concurs. This subsection clearly excludes "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof." Affiant Evans states that the Mayor and the four members of the Board of Aldermen are the only officials elected by a vote of residents of the City. These officials, therefore, will not be counted as "employees" under the Act.
Defendant additionally argues that the Treasurer, City Clerk, Building Commissioner, Court Clerk, Collector, and Street Commissioner are "personal staff" or "appointee[s] on the policy making level" and therefore specifically excluded from the definition of "employee" under 42 U.S.C. § 2000e(f). Affiant Evans states that these appointees are the only persons in their respective departments and that policy making and decisions in each department or City office were and are made in one of three ways: (1) by the department head with the Mayor's approval; (2) by the Mayor with or after consultation with the department head; or (3) by the Board of Aldermen with or after consultation with the department head and Mayor. The appointees do not, however, have the power to hire or fire. Such power is vested solely in the Mayor and Board of Aldermen. Affiant Evans additionally asserts that these officials are on a policy making level of the Mayor's staff and in their respective department.
The legislative history at 42 U.S.C. § 2000e(f) evinces a Congressional intent that the "personal staff" and "appointee on the policy making level" exemptions be construed narrowly.
It is the intention of the conferees to exempt officials and members of their personal staffs, and persons appointed by such elected officials as advisors or to policymaking positions at the highest levels of the departments or agencies of State or local governments, such as cabinet officers, and persons with comparable responsibilities at the local level. It is the intent that this exemption shall be construed narrowly.

Joint Explanatory Statement of Managers at the Conference on H.R. 1746, 1972 U.S. Code Cong. & Adm.News 2137, 2179, 2180 (emphasis added). See also Anderson v. City of Albuquerque, 690 F.2d 796, 800 *775 (10th Cir.1982); Howard v. Ward County, 418 F.Supp. 494, 502 (D.N.D.1976).
With this interpretative instruction in mind, the Court is unwilling, for purposes of a motion for summary judgment, to hold that these officials are exempted from the definition of "employee" under Title VII. There is no evidence before the Court as to these officials' "level of personal accountability" to any elected officials so as fall under the "personal staff" exception. See Ramirez v. San Mateo County District Attorney's Office, 639 F.2d 509, 513 (9th Cir.1981); Marafino v. St. Louis County Circuit Court, 537 F.Supp. 206, 211 (E.D.Mo.1982). Additionally, the Court believes there is insufficient evidence regarding the specific responsibilities of each of these appointed officials to rule that these officials are "appointee[s] on the policymaking level" as a matter of law. Several of these officials hold positions that have traditionally involved only ministerial types of duties. The Court is therefore hesitant to hold that these officials are on the policy making level without more specific evidence of their policy making functions. Accordingly, the Court will count these officials as "employees" for purposes of defendant's motion.
As to CETA and SYEP workers, the testimony presented to the Court at the evidentiary hearing reveals the following facts:
(1) The federal government sets and pays the salary of CETA/SYEP workers;
(2) The guidelines for hiring CETA/SYEP workers are established by the federal government;
(3) The City could reject particular CETA/SYEP workers only upon a showing of cause (assuming, of course, that the City desired to continue to participate in the program);
(4) CETA/SYEP workers were screened by either the St. Louis County or Missouri State Unemployment Agency  not by the City;
(5) Individual CETA workers could work a maximum of 18 months for the City; SYEP workers could work a maximum of 8 months;
(6) The federal government set the maximum number of hours CETA/SYEP workers could work;
(7) Although the City withheld tax from the CETA/SYEP workers' paychecks, it provided no benefits to these workers;
(8) The City supervised the work of the CETA/SYEP workers and made daily work assignments.
Only the fact that the City supervised the work of CETA/SYEP workers and made daily work assignments is somewhat indicative of the existence of an employer-employee relationship between these workers and the City. The Court finds that this fact, standing alone, is insufficient for the Court to hold that CETA/SYEP workers are "employees" within the meaning of 42 U.S.C. § 2000e(f). All the other facts surrounding these workers' activities with the City persuades the Court to find that the workers are not "employees" of the City. Accordingly, the Court will not count these workers in determining whether defendant is an "employer" under Title VII. Accord, Dumas v. Town of Mount Vernon, 436 F.Supp. 866, 872-73 (S.D.Ala.1977), aff'd 612 F.2d 974 (5th Cir.1980).
After excluding attorneys, elected officials, and CETA/SYEP workers, it is clear from the exhibits presented to this Court by defendant that defendant did not employ fifteen or more employees in each of twenty or more calendar weeks in either 1979 or 1980.[3] It is therefore unnecessary for the Court to decide whether defendant's part-time workers were "employees" within the meaning of Title VII.[4]
*776 Accordingly, the Court finds that defendant was not an "employer" within the meaning of 42 U.S.C. § 2000e(b) during the relevant years.
For the foregoing reasons,
IT IS HEREBY ORDERED that defendant's motion for summary judgment as to plaintiff's Title VII claim be and is GRANTED.
IT IS FURTHER ORDERED that plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. be and is DISMISSED with prejudice.

ON MOTION TO STRIKE
This matter is before the Court on motion of defendant, City of Country Club Hills, to strike plaintiff's request for punitive damages. Plaintiff, Lawrence Perry, has filed a memorandum in opposition thereto.
Plaintiff requests punitive damages against defendant, a municipal corporation, for alleged violation of plaintiff's civil rights under the Civil Rights Act, 42 U.S.C. § 1981. Plaintiff alleges that defendant unlawfully discriminated against him when defendant refused to employ plaintiff to fill a position of police officer because he had previously made a charge of unlawful employment practice and because of his race.
Punitive damages under § 1981 may not be assessed against a municipality since to do so would impose a huge financial burden on the municipality. Heritage Homes of Attleboro, Inc. v. Seekonk Water District, 670 F.2d 1, 3 (1st Cir.1982) cert. denied, 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982). The majority of the courts which have addressed this issue have reached the same conclusion. Boyd v. City of St. Louis, Mo., No. 83-1242 C, slip op. at 5 (E.D.Mo. Sept. 30, 1983); Holly v. City of Naperville, 571 F.Supp. 668 (D.C.Ill.1983); Bell v. City of Milwaukee, 536 F.Supp. 462 (D.C.Wis.1982).[1]
In accordance with the foregoing,
IT IS HEREBY ORDERED that defendant's motion to strike plaintiff's request for punitive damages be and is GRANTED.
IT IS FURTHER ORDERED that the plaintiff's claims for punitive damages in Counts II and III against the defendant, City of Country Club Hills, under 42 U.S.C. § 1981 be and are STRICKEN.
NOTES
[1] Plaintiff's original complaint contained only a Title VII claim. After defendant's motion for summary judgment was filed, plaintiff sought and was granted leave to amend his complaint to additionally state a claim under 42 U.S.C. § 1981.
[2] Although some courts suggest an "economic realities" test, see Spirides, 613 F.2d at 831-32, they simply rearticulate and apply common law agency principles. See Cobb, 673 F.2d at 339-40. Only the Seventh Circuit appears to have adopted a more liberal approach in defining "employee" under the Act. See Unger v. Consolidated Foods Corp., 657 F.2d 909, 915 n. 8 (7th Cir.1981).
[3] Defendant's alleged acts of discrimination occurred in 1980 and therefore 1979 and 1980 are the relevant years for determining whether defendant was an "employer" under § 2000e(b). See Dumas v. Town of Mount Vernon, 612 F.2d 974 n. 4 (5th Cir.1980); Hornick v. Borough of Duryea, 507 F.Supp. 1091, 1097-98 n. 5 (M.D.Pa. 1980).
[4] The Courts that have addressed this question have held that part-time workers are to be counted in ascertaining whether a "person" is an "employer" under Title VII. See, e.g., Hornick v. Borough of Duryea, 507 F.Supp. 1091, 1098 (M.D.Pa.1980); Pedreyra v. Cornell Prescription Pharmacists, 465 F.Supp. 936, 941 (D.Colo.1979); Pascatoi v. Washburn-McReavy Mortuary, 11 F.E.P. Cases 1325, 1327 (D.Minn. 1975).
[1] This Court found only one case where a court ruled that in a § 1981 case against a municipality punitive damages could be awarded. However, an examination of the legislative history of § 1981 indicates that Congress did not intend to extend the award to municipalities. See Heritage Homes, 670 F.2d at 3.