Mary M. MARES, Plaintiff-Appellant,

v.

John O. MARSH, Secretary of the
Army, Defendant-Appellee.

No. 85–1378
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1985.

Alejandro Soto, El Paso, Tex., for plaintiff-appellant.

Thomas J. McHugh, U.S. Atty., El Paso, Tex., Major William S. Trivette, Office of Judge Advocate Gen., Dept. of Army, Washington, D.C., for defendant-appellee.

Before POLITZ, GARWOOD and E. GRADY JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

In resolving this appeal, we must determine whether Mary M. Mares, a grocery bagger at the main commissary at Fort Bliss, Texas, was an employee of the Army for purposes of Title VII, 42 U.S.C. §§ 2000e *et seq.* In granting summary judgment to the Secretary of the Army, the district court concluded that Mares was not an Army employee. Agreeing, we affirm.

## BACKGROUND

Mares's employment as a grocery bagger was terminated by Mauro Galvan, the chief bagger, following a verbal confrontation. She challenged this discharge before the Equal Employment Opportunity Commission (EEOC) which declined to proceed and issued the statutory right-to-sue letter. Mares then filed this action, alleging discrimination because of her race (Oriental),

national origin (Chinese), and sex, a claim not presented to the EEOC. Secretary Marsh successfully moved for summary judgment, asserting that Mares was not an employee of the Army.

■ The protections of Title VII extend to civilian employees of the Army. 42 U.S.C. § 2000e–16(a); *Gonzales v. Department of Army*, 718 F.2d 926 (9th Cir.1983); *Johnson v. Alexander*, 572 F.2d 1219 (8th Cir.), *cert. denied*, 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978). In seeking to determine exactly who are such employees, we receive scant help from the language of the statute, which simply says " 'employee' means an individual employed by an employer," 42 U.S.C. § 2000e(f), and from the legislative history. We look then to general jurisprudential development.

■ Three tests have been devised by the courts to unravel the employee/independent contractor conundrum. The first is the traditional common law test of agency, turning on the employer's right to control. This test was replaced in Fair Labor Standards Act cases by an " 'economic realities' test under which persons are considered employees if they, 'as a matter of economic reality, are dependent upon the business to which they render service.' " *Hickey v. Arkla Industries, Inc.*, 699 F.2d 748, 751 (5th Cir.1983) (*citing Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir.1975), *quoting Bartels v. Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 1550, 91 L.Ed. 1947, 1953 (1947)). The third test is a hybrid which considers the "economic realities" of the work relationship as an important factor in the calculus, but which focuses more on "the extent of the employer's right to control the 'means and manner' of the worker's performance...." *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C.Cir. 1979) (Title VII case).[1]

In deciding whether Mares was an employee of the Army, the district court joined the majority of the courts that have addressed this issue and applied the hybrid *Spirides* test.[2] We agree with this applica-

---

1. The strict common law "agency" test generally has not been applied to federal social welfare and antidiscrimination legislation, since it is considered inconsistent with the remedial purposes behind such legislation. *Bartels v. Birmingham*, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947); *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir.1975); *but see Tarboro v. Reading Co.*, 396 F.2d 941 (3d Cir.1968), *cert. denied*, 393 U.S. 1027, 89 S.Ct. 637, 21 L.Ed.2d 569 (1969). As one court has noted, the Supreme Court "did not intend to displace control as a factor in determining an individual's status as an employee." *E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32, 36 (3d Cir.1983). One difficulty posed by the cases on the subject is that the courts sometimes claim to be applying one test when they are, in fact, applying another.

2. The following cases have adopted the modified agency, "hybrid" test of *Spirides* in determining whether a person is an "employee" of another under Title VII: *Cobb v. Sun Papers, Inc.*, 673 F.2d 337 (11th Cir.), *reh'g denied*, 679 F.2d 253 (11th Cir.), *cert. denied*, 459 U.S. 874, 103 S.Ct. 163, 74 L.Ed.2d 135 (1982); *Lutcher v. Musicians Union Local 47*, 633 F.2d 880 (9th Cir.1980); *Beverley v. Douglas*, 591 F.Supp. 1321 (S.D.N.Y.1984) (Weinfeld, J.); *Perry v. City of Country Club Hills*, 607 F.Supp. 771 (E.D.Mo. 1983); *Weber v. George Cook, Ltd.*, 563 F.Supp.

598 (S.D.N.Y.1983); *Smith v. Dutra Trucking Co.*, 410 F.Supp. 513 (N.D.Cal.1976), *aff'd mem.*, 580 F.2d 1054 (9th Cir.1978), *cert. denied sub nom. Smith v. United States*, 439 U.S. 1076, 99 S.Ct. 852, 59 L.Ed.2d 43 (1979); *see also Garrett v. Phillips Mills, Inc.*, 721 F.2d 979 (4th Cir.1983) (adopting *Spirides* in Age Discrimination in Employment Act (ADEA) case); *E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32 (3d Cir.1983) (ADEA); *Dake v. Mutual of Omaha Ins. Co.*, 600 F.Supp. 63 (N.D.Ohio 1984) (ADEA case apparently overlooking *Armbruster, infra* ).

The following cases have adopted the more expansive "economic realities" test for determining employee status under Title VII: *E.E.O.C. v. Dowd & Dowd, Ltd.*, 736 F.2d 1177 (7th Cir. 1984) (*cf. Unger v. Consolidated Foods Corp.*, 657 F.2d 909 (7th Cir.1981), *vacated on other grounds*, 456 U.S. 1002, 102 S.Ct. 2288, 73 L.Ed.2d 1297 (1982), *on remand*, 693 F.2d 703 (7th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 & 46, 4 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983)); *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir.1983); *Hyland v. New Haven Radiology Associates*, 606 F.Supp. 617 (D.Conn.1985) (ADEA); *see also Spirt v. Teachers Ins. & Annuity Assn.*, 691 F.2d 1054 (2d Cir.1982), *vacated on other grounds*, 463 U.S. 1223, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983), *on remand*, 735 F.2d 23 (2d Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984); *Sibley Memorial Hosp. v. Wilson*, 488 F.2d 1338

tion of *Spirides* which we find in accord with our precedent. *McClure v. Salvation Army,* 460 F.2d 553 (5th Cir.), *cert. denied,* 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed.2d 153, *reh'g denied,* 409 U.S. 1050, 93 S.Ct. 513, 34 L.Ed.2d 504 (1972).

In *McClure,* we observed that employee status must turn on the facts of each case. In our examination of the various indicia of employment, we focused on the alleged employer's right of control. We found that McClure "was selected, employed, controlled, trained, and paid by the [defendant]. When the existence of such factors is shown, the individual falls within the definition of 'employee.'" 460 F.2d at 557. In so holding, we relied on cases employing the common law test for employment status. *Id.; Tarboro v. Reading Co.,* 396 F.2d 941 (3d Cir.1968), *cert. denied,* 393 U.S. 1027, 89 S.Ct. 637, 21 L.Ed.2d 569 (1969) (FELA); *Santa Rosa Island Auth. v. F. Rust Smith & Sons, Inc.,* 303 F.2d 576 (5th Cir.1962); *see also Dumas v. Town of Mount Vernon,* 436 F.Supp. 866 (S.D.Ala.1977), *modified,* 612 F.2d 974 (5th Cir.1980); *cf. id.,* 612 F.2d at 979 n. 5 (declining to reach the issue of employee status but approving the control test while noting absence of evidence in the record concerning the extent of putative employer's control).

In addition, we are persuaded that a test which focuses on the extent of control exercised by the employer, against the backdrop of the other factors, is particularly suited for claims by alleged federal employees. A test which looks primarily to the extent of the government's control of the putative employee is consistent with the test devised to determine employee status under the Federal Tort Claims Act. *United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). This approach harmon-

izes the FTCA and Title VII for purposes of identifying government employees. Finally, we observe that inasmuch as 42 U.S.C. § 2000e–16 is a waiver of sovereign immunity, its coverage ought to be strictly construed to limit remedies to persons who are clearly under the control of the federal government. *See* Comment, E.E.O.C. v. Zippo Mfg. Co.: *Choice of a Test for Coverage of the Age Discrimination in Employment Act,* 64 B.U.L.Rev. 1145, 1165–66 (1984).

## ANALYSIS

■ The evidence before the district court is undisputed. That evidence fully describes the grocery bagging operation at the Fort Bliss commissary. When a vacancy occurred in the ranks of the baggers, the next applicant on the waiting list was "hired" by the head bagger. The head bagger, elected by vote of all of the baggers, hired, supervised, fired, and otherwise maintained complete control of the bagger coterie. No Army representative had any role in the hiring, firing, or supervision of the baggers. The Army's involvement extended only to reserving the right to veto the head bagger selection and to the issuance of regulations affecting dress and conduct within the immediate area of the commissary.

In addition to the absence of control, other factors demonstrate that the baggers were not Army employees. The baggers received no wages from any source; their exclusive compensation came from tips. Baggers received no annual or medical leave, insurance or retirement benefits, or any other thing of value from the Army. Since the baggers were not paid, the Army did not report their income or withhold and report W/H or FICA taxes. The work arrangements and duty schedules were subject to the exclusive authority of the

(D.C.Cir.1973); *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389 (8th Cir.1977); *Barone v. Hackett,* 602 F.Supp. 481 (D.R.I.1984); *United States v. City of Yonkers,* 592 F.Supp. 570 (S.D.N.Y.1984) (Sofaer, J.); *Lucido v. Cravath, Swaine & Moore,* 425 F.Supp. 123 (S.D.N.Y.

1977); *Puntolillo v. N.H. Racing Comm'n,* 375 F.Supp. 1089 (D.N.H.1974) (Bownes, J.); *see generally,* Comment, E.E.O.C. v. Zippo Mfg. Co.: *Choice of a Test for Coverage of the Age Discrimination in Employment Act,* 64 B.U.L.Rev. 1145 (1984).

head bagger, a person selected by the baggers themselves, without any Army input whatever.

Mares points to the clothing and conduct regulations by the Army, and the fact that the Army enforces the Army enforcement equal opportunity policy, and that the Commissary Officer reviewed her discharge as proof that the baggers were Army employees. We do not agree. The mere fact that baggers must comply with certain Army regulations is not enough to make them employees of the Army. *Cf. United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Cavazos v. United States,* 776 F.2d 1263, 1266 (5th Cir.1985).

The judgment of the district court granting summary judgment to John O. Marsh, Secretary of the Army, is AFFIRMED.