**Teranell E. HELENKAMP, Plaintiff,**

v.

**The KINGSLEY ASSOCIATION, Defendant.**

**Civ. A. No. 85–196.**

United States District Court, W.D. Pennsylvania.

Nov. 9, 1987.

Byrd Brown and Conrad A. Johnson, Pittsburgh, Pa., for plaintiff.

Charles Boyle, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff Teranell E. Helenkamp brings this action to recover damages for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

Plaintiff alleges that during her employment with the defendant, The Kingsley Association (Kingsley), she was sexually harassed by the defendant's director, Mr. Proctor. Plaintiff contends that the defendant acquiesced in Mr. Proctor's behavior and/or failed to investigate her complaints about the alleged harassment.

Plaintiff claims that as a result of this conduct, she suffered emotional and mental distress which caused her to take a leave of absence from her job. Ms. Helenkamp also filed charges against the defendant with the Pennsylvania Human Relations Commission. Plaintiff claims that the defendant fired her in retaliation because she filed these charges.

Now before this Court is defendant's motion for summary judgment on the following grounds: (1) that the defendant is not an employer as that term is defined by Title VII, thus the Court has no jurisdiction over this action; (2) that the plaintiff has no proof to support her charge that she was fired in retaliation for filing charges of discrimination against the defendant; and (3) that neither the pleadings nor the evidence support a cause of action under 42 U.S.C. § 1981 and that, therefore, the defendant is entitled to judgment as a matter of law.

This Court disagrees with the defendant on grounds 1 and 2 of its motion, but does agree that claims of sex discrimination are not cognizable under § 1981 and will dismiss plaintiff's claims brought under that section.

Because it is the defendant that demands summary judgment here, it bears the burden of showing that there are no material facts in dispute. *Adickes v. S.H. Kress and Company*, 398 U.S. 144, 160–61, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *Spirides v. Reinhardt*, 613 F.2d 826, 833 (D.C.Cir.1979).

Title VII defines employer as ", ... a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more

calendar weeks in the current year or preceding calendar year, and any agent of such a person...." 42 U.S.C. § 2000e(b).

Defendant avers through affidavits that some of the people plaintiff lists as defendant's employees were merely consultants, volunteers or working for independent contractors and, therefore, defendant does not employ the requisite number of people to fall within the purvue of Title VII.

However, courts construe the term "employer" liberally. *Travino v. Celanese Corp.*, 701 F.2d 397, 403 (5th Cir.1983); *Baker v. Stuart Broadcasting Company*, 560 F.2d 389, 391 (8th Cir.1977).

When deciding whether a worker is an employee or an independent contractor for Title VII purposes, the most important factor to consider is an employer's right to control that person's work. *Spirides v. Reinhardt*, 613 F.2d at 831–32; *Perry v. City of Country Club Hills*, 607 F.Supp. 771, 773 (E.D.Mo.1983).

Defendant fails to address the issue of control and, thus, does not establish the absence of material facts in issue. The Court must deny summary judgment on that basis. *See Adickes v. S.H. Kress and Company*, 398 U.S. at 160, 90 S.Ct. at 1609.

There is also a question of fact regarding the defendant's discharge of plaintiff, specifically, whether it was related to plaintiff's filing of a charge of discrimination against the defendant. Therefore, summary judgment is not appropriate on that issue.

It is true that claims of sex discrimination are not cognizable under 42 U.S.C. § 1981. *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976) (court speaking in dictum). Therefore, the Court will grant summary judgment for the defendant on plaintiff's claims brought under § 1981.

An appropriate Order will be issued.