**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-10145
Summary Calendar

JOANNE JOHNSON WOOLRIDGE,

Plaintiff-Appellant,

V.

FISCHBACH & MOORE GROUP,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division
Civil Action No. 3:97-CV-1851-P

September 28, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant, JoAnne Johnson Woolridge, ("Woolridge") appeals the district court's grant of summary judgment on her employment discrimination claim. We agree with the district court's finding that during the operative time period the defendant-appellee, Fischbach & Moore Group, ("Fischbach") was not Woolridge's employer. Therefore, we affirm the district court's opinion.

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

**FACTUAL HISTORY AND PROCEEDINGS BELOW**

Woolridge is an African-American female who was employed by D.L. Electric as a master electrician and foreman. D.L. Electric is a commercial electrical firm that subcontracted with Fischbach to provide labor for a Dallas Area Rapid Transit project. D.L. Electric hired workers for this job from Local 59 of the International Brotherhood of Electrical Workers. Woolridge was a member of Local 59. The terms of Woolridge's employment were governed by a contract called the "Inside Agreement."

On August 28, 1996, Woolridge left her work site without informing the appropriate supervisor of the status of the employees she supervised. This act violated the Inside Agreement and subjected Woolridge to termination. Fischbach notified D.L. Electric of Woolridge's leaving the work site without notifying the proper supervisors, but D.L. Electric refused to discipline her. Based on Woolridge's unauthorized departure from the work site and D.L. Electric's refusal to discipline her, Fischbach refused to use Woolridge on the remainder of the project. D.L. Electric subsequently terminated Woolridge.

Woolridge sued Fischbach, alleging violations of title VII of the Civil Rights Act and 42 U.S.C. § 1981, seeking injunction, reinstatement, back pay and reimbursement. The district court granted Fischbach's motion for summary judgment based on, *inter alia*, the fact that Fischbach was not Woolridge's "employer" for

purposes of title VII. Because we find that the district was correct in ruling that Fischbach was not Woolridge's employer for purposes of title VII, we affirm.

**STANDARD OF REVIEW**

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district courts. *See* FED. R. CIV. P. 56. The moving party is entitled to judgment as a matter of law when the record indicates no genuine issue as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Byers v. The Dallas Morning News*, 209 F.3d 419, 424 (5th Cir. 2000).

We will consider the evidence in the light most favorable to the non-movant, yet the non-movant may not rely on mere allegations in the pleadings; rather, the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Unsupported conclusory assertions presented in affidavits opposing the motion for summary judgment are insufficient to defeat a proper motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex Corp.*,

-3-

477 U.S. at 322; *see also* FED. R. CIV. P. 56(c).

**DISCUSSION**

**I. "Employer" Liability Under title VII.**

Title VII prohibits "employers" from adversely affecting a person's status as an employee based on race. *See* 42 U.S.C. § 2000e-2(a) (1994). A threshold requirement for liability to attach to an entity under title VII is status as an employer. The test used in the Fifth Circuit to determine whether a party is an "employer" for purposes of title VII is a hybrid of traditional tests[1] articulated in *Mares v. Marsh*, 777 F.2d 1066 (5th Cir. 1985). The hybrid test

> considers the "economic realities" of the work relationship as an important factor in the calculus, but . . . focuses more on "the extent of the employers right to control the 'means and manner' of the workers' performance.

*Mares*, 777 F.2d at 1067 (quoting *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C. Cir. 1979)); *accord Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 505 (5th Cir. 1994).

The district court analyzed Woolridge's claims under the framework of the hybrid test and found that no factual question exists regarding Woolridge's employment status with respect to

---

[1] This test harmonizes the traditional common law test for agency which turns on a question of control with the "economic realities" test from the Fair Labor Standards Act under which a person is an employee if they, "as a matter of economic reality, are dependent upon the business to which they render service." *Hickey v. Arkla Indust., Inc.*, 699 F.2d 748, 751 (5th Cir. 1983), *cited with approval in Mares*, 777 F.2d at 1067.

Fischbach, at the time in question.  Woolridge offered insufficient evidence to create a fact question that Fischbach is her employer.  Indeed, given proper analysis under the hybrid test, a trier of fact could not even infer from the evidence brought forth by Wooldridge, that Fischbach is her employer.  We agree with the district court's analysis.

## CONCLUSION

Fischbach was not an employer of Woolridge.  Consequently, any claim under title VII brought by Woolridge against Fischbach is not supported by the wording of the statute.

AFFIRMED