# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 01-30692
Summary Calendar
_____

KATY HINES,

Plaintiff-Appellee,

VERSUS

GRAND CASINOS OF LOUISIANA, LLCSSTUNICA-BILOXI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

January 4, 2002

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Grand Casinos of Louisiana, LLC ("Grand Casinos"), appeals a denial of its motion to

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismiss Katy Hines's title VII claims. Grand Casinos argues that the district court erred in concluding that Grand Casinos was Hines's employer, in failing to join the Tunica-Biloxi Indian Tribe of Louisiana ("the Indian Tribe") as a necessary and indispensable party under FED. R. CIV. P. 19(a), and in failing to dismiss Hines's claims because joinder of the Indian Tribe is not feasible under FED. R. CIV. P. 19(b). Finding no error, we affirm.

I.

Grand Casino Avoyelles is a gaming enterprise owned and operated by the Indian

Tribe pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. § 2703. The Indian Tribe entered into a Management and Construction Agreement ("the agreement") with Grand Casinos. The agreement declared Grand Casinos solely responsible for "all business and affairs in connection with financing, construction, improvement, development, and day-to-day operation, management and maintenance." Grand Casinos was assigned "exclusive responsibility and authority to direct the selection, control and discharge of all personnel performing regular services for the Enterprise," including the duty to perform background checks, draft personnel policies, design a job classification and salary system, and establish an employee grievance procedure.

Grand Casino promised to provide a security force "comprised of security officers employed directly by the Tribe, or under a third party and the Tribe, who shall report to the General Manager." The General Manager is, in turn, selected by Grand Casinos and approved by a tribal representative. The agreement contradicts itself as to who employs the General Manager, first stating that Grand Casinos is the employer, but fourteen pages later stating that the Tribe is.

Hines worked as a security officer at Grand Casino Avoyelles. She alleges that her supervisor, Patrick Laborde, made inappropriate sexual remarks to her; when she complained, the casino retaliated against her through more difficult work assignments and a demotion. Consequently, she suffered medical problems, missed work, and was fired.

II.

Hines filed a complaint with the Equal Employment Opportunity Commission, received a right to sue letter, and sued Grand Casinos. Grand Casinos argued that it was not Hines's employer, so she had failed to state an essential element of her title VII claim under FED. R. CIV. P. 12(b)(6). Grand Casinos also argued that the Indian Tribe was an indispensable party under rule 19(b), and thus Hines's failure to name the Indian Tribe as a defendant mandated dismissal under rule 12(b)(7). While this motion was pending, Hines filed employment discrimination claims against Grand Casinos and the Indian Tribe in tribal court.

The district court treated the motion to dismiss as a motion for summary judgment, which it denied. The district court and this court granted leave to appeal the denial of the motion under 28 U.S.C. § 1292(b).

III.

Grand Casinos argues that the Indian Tribe, not Grand Casinos, was Hines's employer, so the Indian the Tribe is an indispensable party. FED. R. CIV. P. 19(a). Because title VII does not apply to Indian tribes, 42 U.S.C. § 2000e, joinder of the Indian Tribe is not feasible and therefore, Grand Casinos argues, the suit should be dismissed. FED. R. CIV. P. 12(b)(7), 19(b).

To determine whether a protected employment relationship exists under Title VII, we apply the "hybrid" common law control/economic realities test. *Mares v. Marsh*, 777 F.2d 1066 (5th Cir. 1985). "The right to control an employee's conduct is the most important component of this test."[1] In evalu

---

[1] *Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 119 (5th Cir. 1993); *accord Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (continued...)

2

ating this component, we look to who has the power to hire, fire, supervise, and set the work schedule for the employee. *Deal*, 5 F.3d at 119; *Mares*, 777 F.2d at 1068.

The agreement is unambiguous; Grand Casinos has total, nearly exclusive authority over all personnel decisions. It hires and fires all regular employees; it alone designs the casino's personnel policies, job classification and salary system, and employee grievance procedure; and it performs all employee background checks. The fact that the Indian Tribe preserved a veto power over other hiring decisions and imposed an Indian-preference requirement for hiring does not alter our conclusion. *See Fields*, 906 F.2d at 1020; *Mares*, 777 F.2d at 1068.

The Indian Tribe did pay Hines's salary, withhold her taxes, and provide her benefits, satisfying the economic realities component of this test. *See Deal*, 5. F.3d at 119. The common law control component is the crucial factor, however; the economic component is secondary. Thus, where one party exercises total control over hiring, firing, and supervising an employee, it must be the employer under title VII, regardless of whether a different party exercises economic control. Accordingly, the district court was correct to conclude that Grand Casinos was Hines's employer.

---

[1](...continued)
(5th Cir. 1990); *see also Nowlin*, 33 F.3d at 506 (stating that "the right to control is an especially crucial factor"); *Mares*, 777 F.2d at 1067 (opining that the hybrid test "focuses more on the extent of the employer's right to control the means and manner of the worker's performance" (internal quotation marks omitted)).

## IV.
### A.

Grand Casinos argues that the federal and tribal courts may render inconsistent judgments as to who is Hines's employer, and the Indian Tribe should be joined to avoid this risk. This argument is meritless.

There is nothing inconsistent in holding that for purposes of title VII, Grand Casinos is Hines' employer, but under certain tribal or state anti-discrimination laws, the Indian Tribe is her employer. Nor is there any risk of double liability for the Indian Tribe. The agreement renders Grand Casinos solely liable for any title VII judgment against it; the Indian Tribe has no duty to indemnify.

### B.

Grand Casinos asserts that the Indian Tribe, as a party to the agreement, has an interest in how the agreement is interpreted, and this interest makes it an indispensable party. But, Grand Casinos fails to articulate any concrete effect from this title VII suit on the Indian Tribe. Even if it could, such a weak, indirect interest would not be sufficient. The Indian Tribe cannot be joined as a defendant under rule 19(a) unless Hines has a cause of action against it. *See Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 457 (5th Cir. 1989). Title VII explicitly excludes Indian tribes from its scope, 42 U.S.C. § 2000e, and thus the Indian Tribe cannot be joined.

### C.

Grand Casinos contends that the Indian Tribe has a "sovereign interest" in having this suit heard in tribal court. We disagree. Indian tribes enjoy limited sovereignty. Although they have retained certain inherent powers as sovereignsSSthe power to punish tribal

offenders, to determine tribal membership, to regulate domestic relationships among tribe members, and prescribe rules of inheritance for membersSSthey have been divested of nearly all power to regulate relations with non-members of the tribe. *Montana v. United States*, 450 U.S. 544, 563 (1981). Only where "necessary to protect tribal self-government or to control internal relations" do they have sovereign power over non-members. *Id.*

Hines's claim involves two nonmembers, a federal (not tribal) statute, and no possibility of liability for the Indian Tribe. Grand Casinos has not even alleged that this suit implicates the Indian Tribe's self-government or internal relations. Accordingly, the district court did not err in concluding that the Indian Tribe is not indispensable under rule 19.

## V.

Grand Casinos argues that the Hines is required to exhaust her remedies in tribal court before the district court may hear them. As a matter of comity, a federal court will not enjoin tribal court proceedings or rule on a tribal court's jurisdiction before tribal court remedies are exhausted.[2] None of these elements applies to the instant suit, so the exhaustion doctrine is inapposite.

The order denying Grand Casinos' motion to dismiss is AFFIRMED. We express no view on the ultimate merits of this case.

---

[2] *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15-16 (1987); *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 857 (1985).