**Donnie Sue Coker BROUSSARD,**
**Plaintiff-Appellant,**

v.

**L.H. BOSSIER, INC.,**
**Defendant-Appellee.**

No. 85–4471.

United States Court of Appeals,
Fifth Circuit.

May 16, 1986.

Dan E. Melichar, Alexandria, La., for plaintiff-appellant.

Kullman, Inman, Bee & Downing, Clyde H. Jacob, III, New Orleans, La., for defendant-appellee.

Before GEE, RANDALL, and GARWOOD, Circuit Judges.

PER CURIAM:

## I.

Donnie Sue Coker Broussard ("Broussard") appeals from a district court order dismissing her Title VII action. During the period relevant to this case, Broussard and her husband operated Ronny Broussard Trucking Company. Their business involved hiring themselves and their truck out to various firms, including defendant L.H. Bossier, Inc. ("Bossier"), to make hauls. Bossier, a Louisiana firm primarily engaged in building and repairing roads, had a fleet of trucks that its employees operated. Bossier also hired other persons or companies having trucks to provide trucking services as needed, however; and prior to July 19, 1983, each of the Broussards had driven their truck for Bossier. On July 18, 1983, the Broussards were in their truck together working for Bossier when they were advised that, under company rules, only one person could be in the truck. When they informed Bossier's president that Donnie Sue was in the truck only for training purposes, she was allegedly advised by the president that he "did not want any damn women out there." The next day, Bossier advised Broussard that neither she nor the Broussard truck was needed any longer.

Broussard filed this action in 1984, claiming a violation of Title VII. At the close of Broussard's evidence, the district court granted defendant's Rule 41(b) motion based on its conclusion that Broussard was not Bossier's employee. Broussard appeals, contending that the district court erred in concluding that she was not an employee for Title VII purposes. We affirm.

## II.

Broussard claims that she was unlawfully discharged on account of her sex. Under 42 U.S.C. § 2000e–2(a)(1), it is unlawful for an employer

to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

The trial court reasoned, however, that whatever caused Broussard's termination, Broussard was not Bossier's employee and hence was not protected by Title VII. The issue for decision is whether the employment relationship presented here is one that Title VII protects. What is therefore not relevant, despite Broussard's cites to it, is case law addressing refusals to hire or whether Title VII covers a claim that a person satisfying the statutory definition of an employer, 42 U.S.C. § 2000e–2(a), has interfered with an individual's employment opportunities with another employer. *See, e.g., Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338, 1341 (D.C.Cir.1973); *Puntolillo v. New Hampshire Racing Commission,* 375 F.Supp. 1089, 1091–92 (D.N.H. 1974).

Courts, logically enough, consistently hold that Title VII contemplates some employment relationship in discharge cases. It is also clear that whether a person is "an employee under Title VII is a question of federal law; it is to be ascertained through consideration of the statutory language of

the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand." *Calderon v. Martin County*, 639 F.2d 271, 272–73 (5th Cir.1981). As *Calderon* suggests, there is simply not much statutory guidance on who is an employee. With magnificent circularity, Title VII defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f).

▮ Recognizing this lack of statutory guidance, we have recently held that the economic realities test identified in *Spirides v. Reinhardt*, 613 F.2d 826 (D.C.Cir. 1979), guides the analysis of whether an individual is an employee for Title VII purposes. *Mares v. Marsh*, 777 F.2d 1066, 1067–68 (5th Cir.1985). Under this test, the right to control is the most important factor in determining employee status. As was observed concerning the remarkably similar facts in *Smith v. Dutra Trucking Co.*, 410 F.Supp. 513, 516–17 (N.D.Cal. 1976), *aff'd*, 580 F.2d 1054 (9th Cir.1978) (without published opinion), evidence of control over a job includes ownership of equipment necessary to its performance, responsibility for costs associated with operating that equipment and for such things as license fees and taxes, responsibility for obtaining insurance, responsibility for maintenance and operating supplies, ability to influence profits, length of job commitment, form of payment, and directions on schedules and on performing work. The right to control, although the most significant factor, is not alone determinative. *Spirides*, 613 F.2d at 831. According to *Spirides*, additional factors that are relevant include:

(1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; *i.e.*, by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer;" (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Id.* at 832.

### III.

▮ With respect to the control factor of the economic realities test and on almost identical facts, the district court in *Smith v. Dutra Trucking Co.*, 410 F.Supp. at 517, concluded that the plaintiff-wife was not an employee for Title VII purposes. Rather, she was an independent contractor. As did the Smiths in *Dutra*, the record in today's case shows that the Broussards owned their own truck and were responsible for its operating costs, license fees and taxes. By contrast to the company drivers, Bossier retained no social security or withholding taxes for the Broussards' services. The Broussards were responsible for maintenance on their truck and for gas and oil. While it is apparent that the Broussards worked for at least a year for Bossier, it was "off and on;" they also worked for nine other companies during this time. With respect to the form of payment, Bossier did not pay Broussard; it paid Ronney Broussard Trucking Company for time and services that the company provided. Moreover, unlike L.H. Bossier Company workers, Broussard's pay was hourly for some hauls, at a much higher scale than for company workers, and by the ton-mile for others, the latter allowing the driver to take short cuts to increase profits. Broussard points to extensive direction of her work—what to do and when to do it. She misses the point: she does not really claim direction on how to operate her truck. On the basis of these facts, we conclude that the control factor of the economic realities test was not satisfied. Moreover, we conclude that the other factors identified in

*Spirides* offer little to bolster the dismal support the control factor provides Broussard. For example, as the district court found, not an inconsiderable amount of skill is called for to operate a truck; Ronney Broussard Trucking Company provided the truck Broussard used; Broussard worked for at least nine other firms during the time she hauled for Bossier; Broussard accumulated no annual leave or other employee benefits from Bossier; and Bossier did not pay Broussard's social security tax.

Based on the economic realities test, we conclude that the district court did not err in determining that Broussard was not an employee for Title VII purposes. The district court order dismissing Broussard's action is

AFFIRMED.