936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John MOORE, Jr., Plaintiff-Appellant,
v.
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, American Family
Life Insurance Company and American Standard
Insurance Company of Wisconsin,
Defendants-Appellees.
 No. 90-3107.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 25, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 John Moore, Jr., an insurance agent, filed this pro se complaint alleging that his discharge from an insurance company was racially discriminatory, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. He also alleged violations of 42 U.S.C. Secs. 1981, 1982 and 1985(3), the Employment Retirement Income Security Act, 29 U.S.C. Secs. 1001 et seq., and the fifth, thirteenth and fourteenth amendments. The district court granted summary judgment for the defendants, and Moore appeals. We affirm.
 
 
 2
 To prevail on his Title VII claim, Moore must prove the existence of an employment relationship. See Knight v. United Farm Bureau Mut. Ins. Co., 742 F.Supp. 518, 521 (N.D.Ind.1990); Dixon v. Burman, 593 F.Supp. 6, 8 (N.D.Ind.1983), aff'd without opinion, 742 F.2d 1459 (7th Cir.1984). Title VII offers no protection to those who are independent contractors. Dixon, 593 F.Supp. at 9.
 
 
 3
 Title VII defines an employee as "an individual employed by an employer," but this definition provides little guidance in determining the nature of the working relationship between the parties. 42 U.S.C. Sec. 2000e(f); see Broussard v. L.H. Bossier, Inc., 789 F.2d 1158, 1160 (5th Cir.1986). The Court applies an "economic realities" test to determine whether a Title VII claimant is an employee or an independent contractor. See Unger v. Consol. Foods Corp., 657 F.2d 909, 915 n. 8 (7th Cir.1981), vacated on other grounds, 456 U.S. 1002 (1982); EEOC v. Dowd & Dowd, Ltd., 736 F.2d 1177, 1178 (7th Cir.1984). Under this test, the degree of control that the defendant exercises over the claimant is the most significant factor, but other relevant factors include:
 
 
 4
 (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the "employer" pays social security taxes; and (11) the intention of the parties.
 
 
 5
 Broussard, 789 F.2d at 1160; see Knight, 742 F.Supp. at 521; Dixon, 593 F.Supp. at 11.
 
 
 6
 Applying the economic realities test, we agree with the district court that insurance agent Moore was an independent contractor of American Family and not its employee. The contract that Moore signed with the defendants was terminable at will by either party. It expressly stated that he was an independent contractor, and permitted him to sell American Family insurance products anywhere in the state of Wisconsin.
 
 
 7
 Pursuant to this contract, Moore operated as a sole proprietorship in an office he rented from American Family. He hired and paid his own secretary and paid for his own telephone services and office supplies. He worked on a commission basis, and for his first two years with American Family, received advances from future commissions that he had to repay.
 
 
 8
 Moore reported his commissions to the government on 1099 forms instead of W-2 forms. American Family did not withhold any state, federal or social security taxes from his commission. Nor did they pay workers' compensation premiums or unemployment taxes for his benefit. Moore received none of the usual employee fringe benefits like paid holdays, vacations, sick leave or overtime. He was not a participant in any qualified or unqualified employee retirement plan or profit sharing plan available to American Family employees.
 
 
 9
 We therefore conclude that Moore fell outside the scope of Title VII's protection. Moore was unable to prove that American Family exercised sufficient control over his business activities to make him an employee of the company. That American Family rented him a furnished office, paid his maintenance expenses, and required agents to attend training sessions were insufficient factors to overcome the indicia of Moore's independence from American Family.
 
 
 10
 With respect to Moore's remaining claims, including the claim that the district court erred in denying his motion to amend the complaint, we conclude that he waived those claims by failing to sufficiently place them before this Court on appeal. See Eli Lilly & Co. v. Comm'r, 856 F.2d 855, 873 n. 25 (7th Cir.1988). Merely incorporating by reference arguments found in district court pleadings won't do. See Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1430 (7th Cir.1986).
 
 
 11
 The judgment of the district court is accordingly affirmed. The motion to strike portions of Moore's reply brief for raising new arguments is granted. See Sims v. Mulcahy, 902 F.2d 524, 536 n. 5 (7th Cir.), cert. denied, 111 S.Ct. 249 (1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record