812 F.Supp. 151 (1993)
Dawn R. KING, Plaintiff,
v.
CHRYSLER CORPORATION and Canteen Corporation, Defendants.
No. 4:92CV00186 GFG.
United States District Court, E.D. Missouri, E.D.
February 5, 1993.
*152 Rhonda K. Webb, Michael J. Hoare, A Professional Corp., St. Louis, MO, for King.
A. Laurie Koller, Charles A. Newman, Partner, Thompson and Mitchell, St. Louis, MO, for Chrysler Corp.
Timothy K. Kellett, Armstrong and Teasdale, St. Louis, MO, for Canteen Corp.

ORDER AND MEMORANDUM
GUNN, District Judge.
This matter is before the Court on eight motions, including defendant Chrysler Corporation's motion for summary judgment.
Plaintiff Dawn King brings this action against Chrysler Corporation (Chrysler) and Canteen Corporation (Canteen), alleging violation of the Missouri Human Rights Act and Title VII. Canteen operates a cafeteria on Chrysler's premises for Chrysler employees to use during their breaks. King works as a cashier for Canteen at this cafeteria. King maintains that at various times since April of 1988, when she commenced employment with Canteen, George Welch, a Chrysler employee, has made obscene gestures and inappropriately touched her body. King contends that defendants have failed to take sufficient corrective action to remedy the offensive working environment created by Welch's conduct. Chrysler moves for summary judgment, asserting that King lacks the requisite employment relationship with Chrysler to maintain these claims.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).
When ruling on a motion to dismiss, the Court must take the allegations of the complaint as true, construing the complaint and all reasonable inferences therefrom, in a light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Therefore, "a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.
Chrysler and King agree that even though Chrysler is not King's actual employer, in some circumstances King could maintain a Title VII action against Chrysler. The dispute here centers on whether this case presents such a circumstance. Chrysler contends that if it does not have an "employment relationship" with King, she cannot bring this action against it. Chrysler suggests that the test in this instance is an inquiry into the relationship between King's actual employer, Canteen, and Chrysler and whether the Court may treat the two separate corporations as a single employer for purposes of Title VII liability. To that end, the Court should allegedly consider whether Canteen and Chrysler have interrelated operations, common management, centralized control of labor relations and common ownership or financial control. Upon reviewing the many cases in this area, the Court concludes that in this instance King need not have an employment relationship with Chrysler, particularly as determined by the *153 four-part test that Chrysler advances, in order to maintain this action.
Many courts reject the notion that Title VII requires a certain type of relationship between the defendant and a plaintiff suing under 42 U.S.C. § 2000e-2(a)(1). See Pardazi v. Cullman Medical Ctr., 838 F.2d 1155, 1156 (11th Cir.1988) (interfering with employment opportunity with third party suffices); Doe ex rel. Doe v. Saint Joseph's Hosp., 788 F.2d 411, 422-25 (7th Cir.1986) (particularly at pleading stage the absence of an employment relationship is not dispositive); Gomez v. Alexian Bros. Hosp., 698 F.2d 1019, 1021 (9th Cir.1983) (allowing claim to proceed even if plaintiff remains employed by his employer when defendant's discriminatory decision to reject employer's contract proposal causes plaintiff to lose opportunity to work as a director at defendant's hospital); Sibley Memorial Hosp. v. Wilson, 488 F.2d 1338, 1340-43 (D.D.C.1973); but see Rivas v. Federacion de Asociacions Pecuarias, 929 F.2d 814 (1st Cir.1991) (Age Discrimination in Employment Act case). Title VII makes it an unlawful employment practice for an "employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). The statute does not specify that the employer committing the unlawful employment practice must employ the injured individual. If the Court were to accept Chrysler's position that it is not a proper defendant, Chrysler could allow a hostile work environment to exist because of the peculiar circumstances of its relationship with Canteen, although it could not do so if King were in its own service. See Sibley, 488 F.2d at 1341.
Chrysler cites cases from this circuit and others that refer to the need for an employment relationship, but these cases decide different issues. For example, the statute prohibits interference with plaintiff's "employment." Hence, plaintiff must have an employment relationship with some entity, not necessarily defendant. Broussard v. L.H. Bossier, Inc., 789 F.2d 1158, 1160 (5th Cir.1986). Chrysler relies on cases that address whether plaintiff is anyone's employee, Knight v. United Farm Bureau Mutual Ins. Co., 950 F.2d 377 (7th Cir. 1991); Broussard, 789 F.2d at 1160, but these cases provide little, if any, assistance to the Court on the issue presently before it, see Pardazi, 838 F.2d at 1156 (distinguishing the question of whether plaintiff must have an employment relationship with defendant from the question whether plaintiff has an employment relationship with someone); Broussard, 789 F.2d at 1160 (same).
In another line of cases, the discriminatory conduct is primarily, if not solely, attributable to the employer. The evidence does not clearly indicate that the non-employer defendant had participated in the allegedly discriminatory conduct. The court therefore considers whether the nature of the relationship between the employer and the non-employer defendant, and in some instances between the non-employer and plaintiff, justifies holding the non-employer accountable for the action ostensibly taken only by the employer. See Evans v. McDonald's Corp., 936 F.2d 1087 (10th Cir. 1991); Chaiffetz v. Robertson Research Holding, Ltd., 798 F.2d 731 (5th Cir.1986); Williams v. Evangelical Retirement Homes, 594 F.2d 701, 704 (8th Cir.1979) (concluding plaintiff not employed by defendant and/or that defendant had no part in his discharge). In this case, however, if a hostile work environment exists, a Chrysler employee participated in creating it. The Court's task does not involve imputing conduct from Canteen to Chrysler.
Finally, the Court notes that Chrysler relies on cases that involve a third, different question. Title VII prohibits certain conduct by "employers." The statute defines an employer as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). On some occasions, *154 courts must consider whether to treat two defendants as one entity for the purpose of satisfying Title VII's fifteen-employee requirement. See Armbruster v. Quinn, 711 F.2d 1332, 1335-39 (6th Cir.1983); Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir.1977). This case does not present that problem.
To the extent Chrysler seeks dismissal because King's complaint does not aver an employment relationship with Chrysler, the Court concludes that such an assertion is not necessary to state a claim for violation of 42 U.S.C. § 2000e-2(a)(1). To the extent Chrysler seeks summary judgment, the Court concludes that Chrysler fails to demonstrate that there is no genuine issue of material fact. Inasmuch as Missouri courts look to Title VII case law to interpret the nearly identical language contained in the Missouri Human Rights Act and Chrysler offers no justification for departing from that tradition, the reasoning of this decision extends to King's claims under that statute as well. Valle Ambulance Dist. v. Missouri Comm'n on Human Rights, 748 S.W.2d 710, 711 (Mo.Ct. App.1988).
Accordingly,
IT IS HEREBY ORDERED that defendant Chrysler Corporation's motion to dismiss and/or for summary judgment is denied.
IT IS FURTHER ORDERED that defendant Chrysler Corporation's motion for a protective order is denied as moot.
Inasmuch as Canteen represents that it has responded to King's discovery requests and King has not contested that representation,
IT IS FURTHER ORDERED that plaintiff's motion to compel discovery from defendant Canteen Corporation is denied as moot.
IT IS FURTHER ORDERED that plaintiff's motion to compel response to plaintiff's second discovery to defendant Canteen Corporation is denied as moot.
King also seeks to amend her complaint in light of the revisions to Title VII that became effective on November 21, 1991. King initiated this suit in state court on February 5, 1991, challenging conduct occurring from April of 1988 through that date. This circuit has concluded that the 1991 amendments to the Civil Rights Act of 1964 do not apply to pre-enactment conduct. Fray v. Omaha World Herald Co., 960 F.2d 1370, 1378 (8th Cir.1992). Because the amendment would prove futile,
IT IS FURTHER ORDERED that plaintiff's motion to amend is denied.
IT IS FURTHER ORDERED that the Court denies each defendant's motion to strike plaintiff's demand for trial by jury on her claims brought pursuant to the Missouri Human Rights Act. See Eskridge v. State Farm Mut. Auto. Ins. Co., No. 91-0981-C(5), 1992 WL 437986 (E.D.Mo. Apr. 13, 1992).
IT IS FURTHER ORDERED that plaintiff's motion to compel Chrysler Corporation to respond more fully to Interrogatory No. 6 is granted, in that Chrysler must provide the information requested in each subsection of the interrogatory.