TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00490-CV






Martin Thompson and Charles Wood, Appellants




v.




City of Austin, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-03722, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Appellants, Martin Thompson and Charles Wood, sued the City of Austin for
failure to reappoint them as municipal court judges, alleging discrimination and violations of the 
Open Meetings Act and the Government Code. The trial court granted summary judgment in
favor of the City on all causes of action. The principal issue presented is whether municipal court
judges are employees under the Texas Commission on Human Rights Act. Because we hold that
they are not employees and find no other violations, we will affirm the trial court's judgment.


BACKGROUND


 The City Council of Austin (the "Council") appointed Thompson and Wood to
serve as municipal court judges for a two-year term, effective March 15, 1992. From the
beginning of their appointment, Thompson and Wood vociferously advocated the rights of the
disabled and for improving the court's compliance with the Americans with Disabilities Act of
1990 (42 U.S.C. §§ 12101-213 (1994)). As an individual with certain disabilities, Thompson
initially requested greater accessibility to courtrooms for those with disabilities. (1) During his
crusade, he gathered support from Wood and other judges. (2) Together they requested fully
accessible courtrooms, including accessible doorknobs, accessible parking, and ramped benches. 
Thompson and Wood also asked for a larger key access pad for the security door to the judges'
chambers and objected to the installation of a new and less accessible filing system. Both judges
appealed to the clerk of the court for modification of the municipal court building, placed the issue
on numerous judicial agendas of the municipal court, and presented it at oversight committee
meetings. When the clerk failed to respond to Thompson's satisfaction, he voiced complaints to
many judicial assistants and prosecutors about the clerk's resistance to necessary modification of
the court building. Wood observed that relations between Thompson and the clerk became
increasingly tense and finally deteriorated completely. In late December 1993, the Council met
in executive session to discuss the composition of the municipal court bench for the new term
beginning January 1, 1994. Later that same day, the Council reconvened in an open meeting and
voted to appoint different judges instead of appellants for the next term.

 Thompson and Wood brought suit alleging that by not reappointing them as
municipal court judges, the Council discriminated against appellants because of their individual
disabilities. Appellants further assert that the clerk of the court and the Council retaliated against
them for their exuberant advocacy on behalf of the disabled and their insistence upon making the
municipal court building more accessible. Appellants believe these actions of the Council violated
the Texas Commission on Human Rights Act (TCHRA), which protects employees from unlawful
employer discrimination. See Tex. Lab. Code Ann. §§ 21.001-.405 (West 1996 & Supp. 1998). 
Furthermore, appellants assert that the Council violated the Texas Open Meetings Act (TOMA)
when it allegedly determined the judicial appointments in an executive session. See Tex. Gov't
Code Ann. §§ 551.001-.146 (West 1994 & Supp. 1998). Finally, appellants assert the Council's
actions violated section 29.005 of the Texas Government Code, which creates a two-year
minimum term for municipal court judges. See Tex. Gov't Code Ann. § 29.005 (West 1988 &
Supp. 1998). Because appellants' appointments were effective March 15, 1992, they assert that
their two-year terms extended until March 14, 1994.

 The City moved for summary judgment on each of appellants' causes of action,
urging that (1) municipal court judges do not qualify as employees under the TCHRA; (2)
appellants waived their right to assert a claim under TOMA; and (3) no violation of section
29.005 occurred because the term of office for the judges ended December 31, 1993. The trial
court granted summary judgment for the City on all three causes of action. Thompson and Wood
bring this appeal, seeking reversal of the summary judgment and a remand to the trial court for
a trial on the merits.

DISCUSSION 


 A defendant seeking summary judgment based on a plaintiff's inability to prove the
case must conclusively disprove at least one element of each of the plaintiff's causes of action. 
See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Because the propriety of
summary judgment is a question of law, we review the trial court's decision de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). When a trial court does not state
the basis for its decision in its summary-judgment order, we must uphold the order if any of the
theories advanced in the motion are meritorious. See Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989).


I. SECTION 29.005 OF THE TEXAS GOVERNMENT CODE

 Thompson and Wood argue that the Council discriminated against them either by
removing them from their jobs or by failing to reappoint them. With regard to the first allegation,
they assert in their third point of error that the Council terminated their contracts early (December
31, 1993), in violation of section 29.005 of the Texas Government Code, when their term should
have ended March 14, 1994. See Tex. Gov't Code Ann. § 29.005. However, the appellants have
no claim under this theory as this provision merely dictates the length of a term of office and does
not create any private cause of action. (3) Furthermore, although the term of the office of a
municipal court judge of Austin is two years, the Code states that a term begins the first of
January on even-numbered years, and thus the term must end on December 31 of odd-numbered
years. Austin, Tex., Code, Charter, art. VI, § 2 (1997).

 In Spears v. Davis, the Texas Supreme Court emphasized the distinction between
the term of an office and the tenure of an office holder. Spears, 398 S.W.2d 921, 926 (Tex.
1966). The court stated, "'[I]t must be distinctly borne in mind that the term of office as fixed by
law is entirely different from the period of time such office is held by the incumbent.'" Id. at 926
(quoting People ex rel. Holdom v. Sweitzer, 117 N.E. 625 (Ill. 1917)). The term of office for
municipal judges in Austin extends two years, through December 31 of odd-numbered years,
regardless of when an individual judge is appointed to the bench. A late-appointed judge or one
appointed to serve an unexpired term will have a tenure of office less than two years.

 The resolution appointing appellants became effective March 15, 1992. Thompson
and Wood had a tenure of less than two years but both served until December 31, 1993, the last
day of their term of office. The Council did not remove appellants from office or terminate their
contracts early. Consequently, we overrule appellants' third point of error.


II. TEXAS COMMISSION ON HUMAN RIGHTS ACT (TCHRA)

 Now that we have determined that the Council did not remove appellants from
office, the primary issue underlying this appeal is whether the Council violated the TCHRA in its
failure to reappoint Thompson and Wood as municipal court judges. In their first point of error,
Thompson and Wood assert that the Council violated sections 21.051 and 21.055 of the TCHRA
by discriminating and retaliating against them when it did not reappoint them as municipal court
judges. The relevant portion of section 21.051 of the TCHRA states:


[a]n employer commits an unlawful employment practice if because of race, color,
disability, religion, sex, national origin, or age the employer: (1) fails or refuses
to hire an individual, discharges an individual, or discriminates in any other
manner against an individual in connection with compensation or the terms,
conditions, or privileges of employment . . . .



Tex. Lab. Code Ann. § 21.051 (West 1996). Appellants also assert a claim under section 21.055,
which states:


[a]n employer . . . commits an unlawful employment practice if the employer . . .
retaliates or discriminates against a person who, under this chapter: (1) opposes
a discriminatory practice; (2) makes or files a charge; (3) files a complaint . . . .



Tex. Lab. Code Ann. § 21.055. The TCHRA includes "municipality" in its definition of
"employer." Tex. Lab. Code Ann. § 21.002(8)(D). The term "employee" is defined as an
individual employed by an employer with an exception that does not apply here. Tex. Lab. Code
Ann. § 21.002(7). (4) Neither appellants nor the City dispute that the City is an employer under the
TCHRA. The critical question is whether Thompson and Wood are employees under the act.


 A. Employee v. Public Official

 In order for the protections of the TCHRA to apply here, a municipal judge must
be an employee. (5) In light of the nature and function of a municipal court judge and relevant case
law, we hold that such a judge is not an employee but a public official who is not covered under
the TCHRA. Although case law in Texas regarding our concern is quite limited, one case in
particular is instructive. In Guerrero v. Refugio County, the Corpus Christi Court of Appeals
applied a federal test, the hybrid "economic realities-common law control" test, for determining
whether an individual was an employee under TCHRA. 946 S.W.2d 558, 566 (Tex. App.--Corpus
Christi 1997, no writ). Generally used to distinguish between employees and independent
contractors, (6) this test combines the important element of the employer's right to control the
employee (7) with the economic realities of the working relationship. (8) The Guerrero court extended
the use of this test to the context of public officials.

 Guerrero, a county auditor, sued the county and various district judges for failing
to reappoint him to his position when his term expired, alleging discrimination in violation of the
TCHRA. Id. at 562. The county and judges moved for summary judgment on the grounds that
Guerrero did not qualify as an employee under the TCHRA. Id. at 565. Applying the federal
test, the court found that Guerrero was not an employee of either the county or the judges. Id.
at 566-69. Because the control aspect comprised the most important part of the employment
relationship, the court focused "on whether the alleged employer has the right to hire and fire the
employee, the right to determine the employee's schedule, and the right to supervise the
employee's work." Id. at 566. The court also examined the economic realities of Guerrero's
relationship with the county and the district judges as suggested by federal courts. Id. (citations
omitted). The court found that neither the county nor the district judges had any control over the
operations of the county auditor and that the economic realities did not weigh in favor of finding
an employment relationship. Id. at 567-69. Consequently, the court held that under the federal
hybrid test, Guerrero was not an employee for purposes of the TCHRA. Id. at 569.

 Applying the control prong of the hybrid test to the present case, we first examine
whether the Council has the right to control the "means and manner" of municipal judges'
performance. While the Council enjoys the power to appoint municipal judges, it is limited in its
selection of individuals by the statute; for example, only a qualified attorney residing in Austin
may be eligible for appointment. Tex. Gov't Code Ann. § 30.324(b), (g) (West 1988 & Supp.
1998) (9); Austin, Tex., Code, Charter, art. VI, § 2. The power to remove those judges is even
more limited. Austin's Charter provides that municipal judges may be removed "only for cause
or disability." Austin, Tex., Charter, art. VI, § 2. Moreover, municipal court judges may be
removed in the same manner as a county judge under section 30.325(c) of the Texas Government
Code, and county judges may only be removed upon a finding of incompetency, habitual
drunkenness, or other causes defined by law. Tex. Const. art. V, § 24; Tex. Gov't Code Ann.
§ 30.325(c). In addition, municipal judges have the independent authority to create their own
procedural rules. Tex. Gov't Code Ann. § 30.340. Thus, we cannot find that the Council
possessed the necessary and most important element in an employment relationship: the right to
control.

 Nor does application of the economic-realities prong lead us to conclude that
municipal judges are employees. Although the City does provide a salary and other benefits for
the municipal judge, that amount may not be altered during the judge's term or made dependent
upon court fines, fees, or costs. Tex. Gov't Code Ann. § 30.324(h); Austin, Tex., Code, ch. 2-5,
§ 2-5-19. Although the Council provides municipal judges with an office, supplies and staff, the
Guerrero court has held that provision of supplies alone will not create an employment
relationship. Guerrero, 946 S.W.2d at 567. Furthermore, we can find no integral relationship
between the work of the municipal court and the work of the Council. See id. at 569. Applying
Guerrero's hybrid test and given the overwhelming lack of the Council's right to control 
municipal judges, we conclude that appellants are not employees.

 This conclusion that Thompson and Wood are not employees because of the lack
of the Council's right to control their judicial functions comports well with the fundamental
doctrine of the separation of powers. Article II of the Texas Constitution divides the sovereign
functions of government, creating a legislative branch, an executive branch, and a judicial branch,
each with its own exclusive powers. Tex. Const. art. II, § 1. Historically, the judiciary has been
privileged with a sacred independence necessary to maintain the impartiality required to determine
the law. A judge must be independent from the outside influence of the other branches of
government. Thus, the very nature of the office demands that a municipal judge be independent
of the Council in exercising this sovereign power.

 Entrusted with independent and sovereign powers, judges are public officers and
public officers cannot be employees. "The determining factor which distinguishes a public officer
from an employee is whether any sovereign function of the government is conferred upon the
individual to be exercised by him for the benefit of the public largely independent of the control
of others." Aldine Indep. Sch. Dist. v. Standley, 280 S.W.2d 578, 583 (Tex. 1955). A public
officer "is authorized by law to independently exercise functions . . . subject to revision and
correction only according to the standing laws of this state." State ex rel. Hill v. Pirtle, 887
S.W.2d 921, 931 (Tex. Crim. App. 1994). The Texas Government Code and the Austin City
Charter delineate some of these judicial sovereign powers and independent functions. Municipal
judges exercise jurisdiction over criminal cases arising under the ordinances of the city. Tex.
Gov't Code Ann. § 30.323. The judge may also take judicial notice of the ordinances, grant writs
of mandamus, attachment, and other writs necessary to effectuate jurisdiction of the court, and
may issue writs of habeas corpus. Tex. Gov't Code Ann. § 30.324(c). In exercising these
powers, the municipal judge's actions may not be reviewed by any other party, including the
Council. The Council's lack of control results naturally from the separation of powers doctrine
and sovereign nature of both the executive and judiciary branches. The Council, which has been
endowed with executive and administrative powers, does not exercise control over the independent
municipal court; the Council cannot control or influence the decisions of the municipal judge.

 The office of a municipal judge bears all the indicia of a public office: the judge
is a member of the judiciary authorized to pronounce judgment and to adjudicate the rights of
parties appearing in court; the judge occupies a position of responsibility to the public and is
governed by a fixed term of office with specific removal provisions; the judge must meet statutory
qualifications for holding the position and is required to take an oath of office. See Tarrant
County v. Ashmore, 635 S.W.2d 417, 420 (Tex. 1982); Aldine, 280 S.W.2d at 581; Morrow v.
Corbin, 62 S.W.2d 641, 644 (Tex. 1933).

 Appellants were appointed for a fixed two-year term and were required to take an
oath before entering office. See Tex. Gov't Code Ann. § 30.324(b); Austin, Tex., Code, Charter,
art VI, § 2. Their removal is governed by the Texas Government Code and the Texas
Constitution dictating that only district court judges may remove municipal judges from office. 
Tex. Const. art. V, § 24; Tex. Gov't Code Ann. § 30.325(c). Furthermore, appellants had to be
qualified attorneys in good standing as dictated by statute. Tex. Gov't Code Ann. § 30.324(g);
Austin, Tex., Code, Charter, art VI, § 2. As independent judges, Thompson and Wood are
public officers and therefore are not protected under the TCHRA.


 B. Separation of Powers

 Even if Thompson and Wood were employees, we could not apply the TCHRA to
their situation as this would violate the separation of powers doctrine: "[W]here a legislative body
such as a city council, has the power to do something . . . it cannot be subject to inquiry by the
courts as to good faith, motives, reasons or purposes." Keaton v. Ybarra, 552 S.W.2d 612, 615
(Tex. App.--Corpus Christi, 1977, writ ref'd n.r.e.); see also City of Austin v. Quick, 930 S.W.2d
678, 684 (Tex. App.--Austin 1996, no writ) (holding de novo judicial review of delegated
legislative function violated separation of powers doctrine and therefore, was unconstitutional). 
Courts uphold this rule whenever a valid provision of a home-rule charter vests a discretionary
power in a city council. Keaton, 552 S.W.2d at 615. Austin is a home-rule municipality that
vests its city council with discretionary powers to appoint municipal judges. Austin, Tex., Code,
Charter, Preamble & art. VI, § 2. 

 Thompson and Wood would have us review the decision of an independent city
council to appoint municipal judges. The Council members enjoy the discretionary power to
appoint whomever they see fit to serve as a municipal judge. Austin, Tex., Code, Charter, art.
VI, § 2. No course for review of this decision exists. The only check on the judgment of the
Council in this context is the response of its constituency. If the Council has abused its powers
to appoint appropriate municipal judges, the people of Austin have the power to elect other
council members at the next election. The review of such Council decisions rests with the
electorate and not with any court.


 C. Legislative History

 Notwithstanding the Council's lack of control over municipal judges and the
separation of powers doctrine, Thompson and Wood argue that the legislative history of the
TCHRA indicates that during the relevant period, judges were considered employees under the
act. At the time the alleged discrimination occurred, the governing statute had recently undergone
conflicting changes. During 1993, the legislature repealed and recodified the TCHRA. (10) During
the same year, the legislature amended the old statute. (11) The problem of statutory construction
arose because the recodification and the amendment to the repealed act, both of which became
effective September 1, 1993, contained conflicting definitions of employee: the recodification
excluded from the definition of employee elected public officials and their "appointees on the
policy-making level," but the amendment had no such exclusion. (12) When an internal contradiction
exists, the amendment is preserved and given effect through the new code. Tex. Gov't Code Ann.
§ 311.031(c) (West 1988); see also R.E.M. v. State, 532 S.W.2d 645, 651 (Tex. App.--San
Antonio 1975, no writ) (holding amendment to statute through family law code controlled over
adoption of new penal code provision). Consequently, the definition of "employee" as written in
the amendment prevails without the exclusion for "appointees on the policy-making level."

 Thompson and Wood assert the deliberate removal of this exclusion indicates
legislative intent to encompass municipal judges within the definition of employee. They argue
that municipal court judges are considered appointees on the policy-making level and now qualify
as employees. While appellants have correctly assessed the rule of law effective at the time of the
alleged discrimination, the absence of the exclusion does not help their case. Municipal judges,
as members of the judicial branch of government, do not exercise policy-making authority. 
Typically, this policy-making role belongs to the legislative branch of government, as evidenced 
in Article II of the Texas Constitution. Tex. Const. art. II, § 1; see also In re Johnson, 554
S.W.2d 775, 780 (Tex. App.--Corpus Christi 1977), writ ref'd n.r.e. by per curiam op., 569
S.W.2d 882 (Tex. 1978) (articulating separation of powers doctrine and recognizing that while
legislature may delegate duty to administer and enforce legislative functions, "the legislature
cannot impose a function upon the judiciary that is legislative in nature.") (citing State v.
Southwestern Bell Tel. Co., 526 S.W.2d 526 (Tex. 1975)). Neither Chapter 2-5 of the Code of
Austin governing municipal courts (13) nor sections 30.321-.344 of the Texas Government Code,
which create a municipal court of record for Austin, delegates any policy-making authority to its
municipal judges. As Austin's municipal court judges, Thompson and Wood are not "appointees
on the policy-making level." (14) Consequently, the deliberate exclusion of this provision from the
amendment of the TCHRA does not represent a legislative intent to include municipal judges in
the definition of employee. Because Thompson and Wood are not employees under the TCHRA,
we overrule appellants' first point of error.


III. TEXAS OPEN MEETINGS ACT (TOMA)

 In their second point of error, appellants challenge the trial court's summary
judgment holding that the Council did not violate TOMA when it made an allegedly final decision
regarding their employment in a closed executive meeting. TOMA requires "[a] final action,
decision, or vote on a matter deliberated in a closed meeting . . . only be made in an open
meeting." Tex. Gov't Code Ann. § 551.102 (West 1994). However, section 551.074 of the same
statute allows any governmental body to conduct a closed meeting in order to "deliberate the
appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public
officer or employee" unless "the officer or employee who is the subject of the deliberation or
hearing requests a public hearing." Tex. Gov't Code Ann. § 551.074. As the statute allows
private deliberations except upon a specific request for a public hearing, failure to request such
a hearing operates as a waiver. Bowen v. Calallen Indep. Sch. Dist., 603 S.W.2d 229, 236 (Tex.
App.--Corpus Christi 1980, writ ref'd n.r.e.). Because we find no evidence in the record
indicating appellants requested the deliberations regarding their reappointment be held in public,
we hold Thompson and Wood waived their right to open deliberations.

 However, even absent a waiver, we would find no violation of TOMA. The court
in Board of Trustees v. Cox Enters., Inc., held that TOMA "does not prohibit members in an
executive session from expressing their opinions on an issue or announcing how they expect to
vote on the issue in the open meeting, so long as the actual vote or decision is made in the open
session." 679 S.W.2d 86, 89 (Tex. App.--Texarkana 1984), rev'd in part on other grounds, 706
S.W.2d 956 (Tex. 1986); see Nash v. Civil Serv. Comm'n, Palestine, 864 S.W.2d 163, 166 (Tex.
App.--Tyler 1993, no writ) (relying on rationale in Cox to conclude that tentative decision made
in executive session did not constitute vote).

 Although appellants assert that the Council made its decision in private and then
revealed that decision to the public through an open meeting, they present no evidence of anything
other than a deliberation behind closed doors. The transcript of the closed session merely evinces
a discussion about the feelings of various council members regarding specific judges and whether
a member would support reappointment of those judges to the municipal court. The Council
members discussed the merits of each candidate, voiced their opinions as to the qualifications of
each and made recommendations, but there is no indication that the Council ever voted on the
composition of the municipal court during the private meeting. Because deliberations regarding
appointments are proper topics for closed meetings and because we find no evidence of an actual
vote before the Council conducted an official vote in its open meeting, we overrule appellants'
second point of error.


CONCLUSION


 Thompson and Wood are not entitled to the protections of the TCHRA; municipal
judges are public officials, not employees. Furthermore, we find that appellants failed to preserve
any complaint under TOMA, or in the alternative, did not present any evidence to support a
finding that the Council violated TOMA. Finally, we conclude that the Council did not terminate
appellants' appointments as municipal judges early. We therefore affirm the trial court's summary
judgment in favor of the City in all regards.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 24, 1998

Publish

1.   Thompson uses a cane and a motor scooter for mobility.
2.   Wood suffers from multiple sclerosis and trigeminal neuralgia.
3.   Section 29.005 states, "The judge of a municipal court serves for a term of office of two
years unless the municipality provides for a longer term pursuant to Article XI, Section 11, of the
Texas Constitution." Tex. Gov't Code Ann. § 29.005 (West 1988 & Supp. 1998).

 

 Appellants have also cited the incorrect statute as authority. Section 29.005 governs
municipal courts; however, appellants were judges for a municipal court of record, which during
the relevant period was governed by section 30.324(b) of the Government Code. See Tex. Gov't
Code Ann. § 30.324(b) (West 1988). Texas Government Code sections 30.321 to 30.344 are
renumbered as sections 30.00731 to 30.00754. See Act of May 8, 1997, 75th Leg., R.S., ch.
165, § 8.22, 1997 Tex. Gen. Laws 327, 391 (Tex. Gov't Code Ann. §§ 30.00731-.00754 (West
Supp. 1998)). We will refer throughout to the older version of the statute.
4.   For reasons stated in Subpart C, we conclude that this definition of "employee" is
applicable.
5.   The Texas Legislature designed the TCHRA to "provide for the execution of the policies of
Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. Section
2000e et seq.)." Tex. Lab. Code Ann. § 21.001(1) (West 1996 & Supp. 1998). Consequently,
when Texas law is sparse, the courts are entitled to examine federal case law for guidance. E.g.,
Guerrero v. Refugio County, 946 S.W.2d 558, 566 (Tex. App.--Corpus Christi 1997, no writ);
Benavides v. Moore, 848 S.W.2d 190, 193 (Tex. App.--Corpus Christi 1992, writ denied); cf.
Syndex Corp. v. Dean, 820 S.W.2d 869, 871 (Tex. App.--Austin 1991, writ denied).


 Federal courts recognize that Title VII covers only those individuals who have a direct
employment relationship with an employer, in other words, individuals who are employees. 
Spirides v. Reinhardt, 613 F.2d 826, 829 (D.C. Cir. 1979); see also Diggs v. Harris Hospital-Methodist, Inc., 847 F.2d 270, 272 (5th Cir. 1988), cert. denied, 488 U.S. 956 (1988); Broussard
v. L.H. Bossier, Inc. 789 F.2d 1158, 1159 (5th Cir. 1986). Thus, with regard to the TCHRA,
the individual must be an employee to receive its protections. E.g., Guerrero, 946 S.W.2d at
558.
6.   See, e.g., Deal v. State Farm County Mut. Ins. Co. of Tex., 5 F.3d 117 (5th Cir. 1993);
Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017 (5th Cir. 1990), cert. denied, 498 U.S. 1026
(1991); Diggs, 847 F.2d at 270; Spirides, 613 F.2d at 826; Benavides, 848 S.W.2d at 190.
7.   In the seminal case for this federal test, the court stated "the extent of the employer's right
to control the 'means and manner' of the worker's performance is the most important factor to
review . . . . If the employer has the right to control and direct the work of an individual, not
only as to the result to be achieved, but also as to the details by which that result is achieved, an
employer/employee relationship is likely to exist." Spirides, 613 F.2d at 831-32.
8.   The factors for examination include: (1) the kind of occupation, with reference to whether
the work usually is done under the direction of a supervisor or is done by a specialist without
supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the
individual in question furnishes the equipment used and the place of work; (4) the length of time
during which the individual has worked; (5) the method of payment, whether by time or by the
job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with
or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is
an integral part of the business of the "employer"; (9) whether the worker accumulates retirement
benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the
parties. Spirides, 613 F.2d at 832. 
9. For Texas Government Code sections 30.321-.344 referenced in text see supra note 3.
10. Article 5221k of the Texas Civil Statutes (the previous Commission on Human Rights Act)
was repealed and recodified as chapter 21 of the Texas Labor Code. See Act of May 12, 1993,
73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 990. (For current code, see Tex. Lab. Code
Ann. §§ 21.001-.405 (West 1996 & Supp. 1998)).
11. See Act of May 14, 1993, 73d Leg., R.S., ch. 276, §§ 1-7, 1993 Tex. Gen. Laws 1285.
12. Although in the 74th Legislative Session, the legislature amended the definition of
"employee" in the Labor Code to conform to the 1993 amendment, which did not contain the
exclusionary provision, the law prevailing at the time the events occurred in this case contained
this conflict. See Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 9.02, 1995 Tex. Gen. Laws
458, 621-22.
13. Austin, Tex., Code, ch. 2-5, art. II, §§ 2-5-1-2-5-20.
14. In Gregory v. Ashcroft, the United States Supreme Court found for purposes of the Age
Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-34 (1994), the category
of "appointees on the policy-making level" was sufficiently broad to make it ambiguous whether
state judges are employees given the existence of other exclusions for public officials. 501 U.S.
452, 467 (1991). The Court declared that the exclusion did not require an appointee to actually
make policy, but "exercise discretion concerning issues of public importance," which the judiciary
does. Id. Intent on maintaining the independent sovereignty of the states, the Court reasoned that
unless it was clear to anyone reading the statute that Congress intended judges to be covered by
the ADEA, it would not imply that the Act covered them; therefore, the Court allowed the
exclusion for policy-making appointees to incorporate judges. Id. In our case, there is no issue
of encroaching sovereignty, and it is not entirely clear that even after the changes, the Texas
Legislature intended judges to be included as employees or that an ordinary person reading the
statute would understand the TCHRA to include judges.


0, 272 (5th Cir. 1988), cert. denied, 488 U.S. 956 (1988); Broussard
v. L.H. Bossier, Inc. 789 F.2d 1158, 1159 (5th Cir. 1986). Thus, with regard to the TCHRA,
the individual must be an employee to receive its protections. E.g., Guerrero, 946 S.W.2d at
558.
6.   See, e.g., Deal v. State Farm County Mut. Ins. Co. of Tex., 5 F.3d 117 (5th Cir. 1993);
Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017 (5th Cir. 1990), cert. denied, 498 U.S. 1026
(1991); Diggs, 847 F.2d at 270; Spirides, 613 F.2d at 826; Benavides, 848 S.W.2d at 190.
7.   In the seminal case for this federal test, the court stated "the extent of the employer's right
to control the 'means and manner' of the worker's performance is the most important factor to
review . . . . If the employer has the right to control and direct the work of an individual, not
only as to the result to be achieved, but also as to the details by which that result is achieved, an
employer/employee relationship is likely to exist." Spirides, 613 F.2d at 831-32.
8.   The factors for examination include: (1) the kind of occupation, with reference to whether
the work usually is done under the direction of a supervisor or is done by a specialist without
supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the
individual in question furnishes the equipment used and the place of work; (4) the length of time
during which the individual has worked; (5) the method of payment, whether by time or by the
job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with
or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is
an integral part of the business of the "employer"; (9) whether the worker accumulates retirement
benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the
parties. Spirides, 613 F.2d at 832. 
9. For Texas Government Code sections 30.321-.344 referenced in text see supra note 3.
10. Article 5221k of the Texas Civil Statutes (the previous Commission on Human Rights Act)
was repealed and recodified as chapter 21 of the Texas Labor Code. See Act of May 12, 1993,
73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 990. (For current code, see Tex. Lab. Code
Ann. §§ 21.001-.405 (West 1996 & Supp. 1998)).
11. See Act of May 14, 1993, 73d Leg., R.S., ch. 276, §§ 1-7, 1993 Tex. Gen. Laws 1285.
12. Although in the 74th Legislative Session, the legislature amended the definition of
"employee" in the Labor Code to conform to the 1993 amendment, which did not contain the
exclusionary provision, the law prevailing at the time the events occurred in this case contained
this conflict. See Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 9.02, 1995 Tex. Gen. Laws
458, 621-22.
13. Austin, Tex., Code, ch. 2-5, art. II, §§ 2-5-1-2-5-20.
14. In Gregory v. Ashcroft, the United States Supreme Court found for purposes of the Age
Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-34 (1994), the category
of "appointees on the policy-making level" was sufficiently broad to make it ambiguous whether
state judges are employees given the existence of other exclusions for public officials. 501 U.S.
452, 467 (1991). The Court declared that the exclusion did not require an appointee to actually
make policy, but "exercise discretion concerning issues of public importance," which the judiciary
does. Id. Intent on maintaining the independent sovere