

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

February 3, 2003

The Honorable Allan Ritter
Chair, Pensions and Investments Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0018

Re: Whether certain statutory provisions relating to revocation of retirement benefits and immunity from liability apply to a retired teacher employed on a temporary basis by a third party that provides contractual staff services to a school district (RQ-0584-JC)

Dear Representative Ritter:

Your predecessor as Chair of the Pensions and Investments Committee asked this office a series of questions related to the practice of contracting with commercial enterprises that employ retired teachers and supply them to the school districts on a temporary basis.[1] As we understand the situation giving rise to this request, certain commercial enterprises enter into contracts with retired educators to secure their employment with school districts and enter into contracts with school districts to provide those districts with the services of those educators. As the contracts are structured, the retired educators are employees of the third-party commercial enterprise and provide services on a temporary basis to the school districts. Your predecessor asked whether, under such an arrangement, provisions for loss of retirement benefits, such as those found in Government Code sections 824.005(b) and 824.601, are triggered; whether a retired educator employed under such an arrangement is a "professional employee of a school district" for the purpose of section 22.051 of the Education Code's grant of limited immunity for personal liability of such employees; and whether a third-party employer of this sort is subject to the provisions of chapter 91 of the Labor Code concerning staff leasing services. *See* Request Letter, *supra* note 1; *see also* TEX. GOV'T CODE ANN. §§ 824.005(b) (Vernon Supp. 2003), 824.601 (Vernon 1994); TEX. EDUC. CODE ANN. § 22.051 (Vernon 1996); TEX. LAB. CODE ANN. §§ 91.001-91.063 (Vernon 1996 & Supp. 2003).

Government Code section 824.005(b), the subject of the first question, reads:

> A person who has retired under the retirement system revokes
> that retirement if the person *becomes employed in any position* in a

---

[1]*See* Letter from Honorable Dale Tillery, Chair, Pensions and Investments Committee, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Aug. 2, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

> public school during the first month following that person's effective date of retirement, or during the first two months following an effective date of retirement established by reliance on section 824.002(d), and must return any retirement benefits received under the original retirement.

TEX. GOV'T CODE ANN. § 824.005(b) (Vernon Supp. 2003) (emphasis added).

A similar penalty provision is to be found at section 824.601, which provides in pertinent part:

> Except as provided by Section 824.602, a retiree is not entitled to service or disability retirement benefit payments, as applicable, for any month in which the retiree is *employed in any position by a Texas public educational institution.*

*Id.* § 824.601 (Vernon 1994) (emphasis added). As the emphasized language in these provisions makes clear, whether the revocation of benefits under them is triggered by the kind of employment at issue here depends upon whether, within the meaning of these provisions, the retired educator is "employed in any position" by the school district.

We note at the outset that we are not considering the application of the provisions to any particular individual. Determining the employment status of particular individuals would require the examination of factual matters of a sort we cannot undertake in the opinion process.[2] We are therefore concerned solely with the meaning of "employed in any position" in the two statutes as a matter of law.

The question of who is an employee of an employer such as a school district covered by the Teachers Retirement System of Texas (the "TRS" or "retirement system"), moreover, is in the first instance a matter for TRS. Section 821.001(6) of the Government Code defines "[e]mployee" as "a person who is employed, *as determined by the retirement system,* on other than a temporary basis by an employer for at least one-half time at a regular rate of pay comparable to that of other persons employed in similar positions." *Id.* § 821.001(6) (Vernon Supp. 2003).

TRS's position on this question, as detailed in a letter brief to this office, is that "[i]f the facts support a finding that the third party is a private entity, TRS agrees that the employer is not a public school employer covered by TRS."[3] In support of this view, the TRS brief notes that pursuant to section 11.157 of the Education Code "[t]he board of trustees of an independent school district is authorized to contract with a private entity for that entity to provide educational services for the district." TRS Brief, *supra* note 3, at 4; *see also* TEX. EDUC. CODE ANN. § 11.157 (Vernon 1996).

---

[2]*See* Tex. Att'y Gen. Op. Nos. GA-0003 (2002) at 1; M-187 (1968) at 3.

[3]Brief from Conni H. Brennan, General Counsel, Teacher Retirement System of Texas, to Susan Denmon Gusky, Chair, Opinion Committee, Office of Attorney General at 4 (Sept. 16, 2002) (on file with Opinion Committee) [hereinafter TRS Brief].

On the other hand, a brief submitted on behalf of the Texas Federation of Teachers (the "TFT") argues that the retired educators may more properly be characterized as employees of the school district and that a court would look not solely at the assertion that the educator was an employee of the third-party contractor, but "at the actual relationship, with the most important factor being the right of control."[4] TFT's brief argues that section 11.157 of the Education Code cannot be interpreted to permit such an arrangement as the one at issue here, relying on the reasoning in Attorney General Opinion DM-335 (1995), which took the view that the provision was not intended "to provide a mechanism for school districts to bypass compliance with statutory requirements by contracting with other entities." Tex. Att'y Gen. Op. No. DM-335 (1995) at 3; TFT Brief, *supra* note 4, at 3-4.

Attorney General Opinion DM-335 noted that what is now section 7.056 of the Education Code, adopted as part of the same measure as section 11.157 and permitting a school district to seek a waiver from the commissioner of education of certain legal requirements, did not permit "an exception [to] be made for a state law relating to 'educational employee and educational support employee rights and benefits.'" *Id.* The TFT brief argues, on the basis of this sentence in DM-335, that reading section 11.157 to permit third-party contracts of the type at issue here would in effect permit such an exception to laws involving employee rights and benefits. *See* TFT Brief, *supra* note 4, at 3-4.

The law does not support TFT's position that as a matter of law the contracts at issue here were designed to evade requirements such as those in chapter 824 of the Government Code. TRS regards contracts such as those at issue here as contracts for the provision of temporary services by a third party, and therefore, as not triggering the penalty provisions about which your predecessor asked. In so doing, it is entitled to deference because the legislature has explicitly given TRS the authority to make determinations as to who is an employee whose employment by a school system will cause a loss of benefits. "The construction of a statute by an agency charged with its execution is entitled to serious consideration so long as the construction is reasonable and does not contradict the plain language of the statute." *Simplex Elec. Corp. v. Holcomb*, 949 S.W.2d 446, 447 (Tex. App.–Austin 1997, pet. denied) (citations omitted). Accordingly, we conclude in answer to the first two questions that the provisions of Government Code sections 824.005(b) and 824.601 are not applicable as a matter of law if a retired educator is employed by a third-party contractor to provide temporary educational services to a public school.

The next question is whether a retired teacher who provides temporary educational services in a public school under the kind of contractual arrangement at issue here is "a professional employee of a school district" for the purposes of the limited grant of immunity from personal liability provided by section 22.051 of the Education Code. Section 22.051 provides, in relevant part:

---

[4]Brief from Martha P. Owen, Wiseman, Durst, Owen & Colvin, to Honorable John Cornyn, Texas Attorney General at 5 (Oct. 4, 2002) (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668 (5th Cir. 1968) and *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986)) (on file with Opinion Committee) [hereinafter TFT Brief].

>    (a)   A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.
>
>    . . . .
>
>    (c)   In this section, "professional employee" includes:
>
>        (1) a superintendent, principal, *teacher*, supervisor, social worker, counselor, nurse, and teacher's aide; [and]
>
>        . . . .
>
>        (4) any other person whose employment requires certification and the exercise of discretion.

TEX. EDUC. CODE ANN. § 22.051 (Vernon 1996) (emphasis added).

While teachers generally are professional employees under section 22.051(c) of the Education Code, the question remains whether a retired educator working temporarily in the school district in this kind of contractual arrangement is a professional employee of the district. We have determined in answer to the first question that a retired educator employed under such a contract as those at issue is, as such contracts assert, an employee of the third party. There is no basis to distinguish our conclusion to that question here, and accordingly we conclude that the retired educator is not an employee of the district within the plain language of section 22.051(c) of the Education Code.

The final question is whether an entity providing the kind of services at issue here must be licensed under chapter 91 of the Labor Code, which concerns staff leasing services. *See* TEX. LAB. CODE ANN. §§ 91.001-91.063 (Vernon 1996 & Supp. 2003). Section 91.001(14) defines "[s]taff leasing services" as

>    an arrangement by which employees of a license holder are assigned to work at a client company and in which employment responsibilities are in fact shared by the license holder and the client company, *the employee's assignment is intended to be of a long-term or continuing nature, rather than temporary or seasonal in nature, and a majority of the work force at a client company worksite or a specialized group within that work force consists of assigned employees of the license holder.*

*Id.* § 91.001(14) (Vernon Supp. 2003) (emphasis added). As this office does not find facts in the opinion process, we cannot determine whether any particular business entity of this type is engaged in providing staff leasing services.[5] However, unless the employment arrangements were in fact of a long-term or continuing nature and the majority of a given work force either at a particular school or in the school district were assigned employees of the third-party contractor, chapter 91 of the Labor Code would not be implicated by this situation.

---

[5]*See supra* note 2.

## S U M M A R Y

Former teachers who accept temporary employment with third-party contractors who provide educational services to school districts do not thereby forfeit retirement benefits as a matter of law. Such teachers are not "professional employee[s] of a school district" for the purposes of the Education Code's limited grant of immunity for personal liability. *See* TEX. EDUC. CODE ANN. § 22.051 (Vernon 1996). Third-party contractors who provide such employment and educational services are not staff leasing services regulated by chapter 91 of the Labor Code unless they are in fact providing long-term or continuing employees, and such employees constitute a majority of the work force. *See* TEX. LAB. CODE ANN. §§ 91.001-91.063 (Vernon 1996 & Supp. 2003).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee